Executors of HENRY DARROCH *against* administrators of MICHAEL HAY.

Debts which can be set-off must be such as are due in the same right.

*SUR* case stated. The defendants' intestate, Michael Hay, was indebted to the plaintiffs' testator in a certain sum of money, which is not disputed. After the deaths of both, the administrator of Hay gave a valuable consideration to John Philip de Haas, for a check drawn by Henry Darroch, in the following words and figures:

"Philadelphia, March 10, 1793, No. 291.
Cashier of the Bank of the United States.
Pay to Mr. P de Hass, or bearer, four hundred dollars.
400 Dollars. H. DARROCH."

The present action was brought after the check became the property of the defendants, and notice of set-off was given when the action was brought; and the question is, whether the defendants are entitled to the set-off?

Mr. Rawle for the defendants. It is competent to the administrators to purchase in any negotiable instrument to protect the intestate's estate, and the money paid for the check in this instance being assets in their hands, it results to the benefit of the

estate.   No injustice is done hereby, since the testator honestly owned that the debt contended to be defaulked.   A bond given by an insolvent debtor  before his discharge by the act, and afterwards assigned to A., may be given in evidence by way of set-off, against a suit brought by such insolvent debtor, for goods sold to A. after his discharge.   Dall.  455.   Here the check  was purchased before the suit brought.

Mr. Thomas for the plaintiffs.   This check was not the property of the intestate at the time of his death, and his administrators shall not be allowed to defaulk a sum which he could not himself have done. To sanctify  the system now attempted to be practiced, would  tend to destroy the system of equality intended to be  established in the  order of payment of deceased persons.

*Per  curiam.*   The set-off cannot be allowed.   It could not be declared on as a  debt due  to  the intestate ; it could not be pleaded as such to this suit ; it became the private debt of  the administrators, on the purchase of the  check.   It is clearly settled that the debts which can be set-off must be such as are due in  the same right.  .Bull. 179, 180. Espin. 239, 240.

Judgment for the plaintiffs.

The Judges  sat on  the first day of  September Term  1797 ; but a malignant infectious fever prevailing in the city of  Philadelphia, attended with considerable mortality, the Court adjourned to the last day  of  the term.   No other business was  done, except taking the Sheriff's returns and entering the  ordinary rules.