Livingston, J.
delivered the opinion of the court. We have considered this case with great inclination in favor of the proposed set-off, and with some solicitude to discover adjudged cases which would justify our going this length. It does not seem right that a supercargo who has violated his employer’s instructions, and thereby subjected him to a heavy loss, should recover any moneys expended during such agency, without permitting the latter to deduct or set off the sum which has been lost by his neglect and breach, of orders; and when it is recollected that the plaintiff is a bankrupt, the defendant’s case, if the set-off be refused, is still harder, as he will still have to pay the whole of the present recovery, and come in only for a dividend on his demand against Dawson’s estate, provided it were capable of being liquidated at the time of his bankruptcy. But strong as our leaning is, we cannot find that courts have as yet gone thus far. Where transactions constitute an account betwen parties, composed of mutual receipts and payments, it is contrary to reason as well as the understanding of the parties themselves, to consider any thing but the balance to be the real debt betwixt them. Yet the form's of law render it necessary for each party to sue the other in separate actions. This inconvenience, says a writer on this branch of law, for a long time remained a reproach to English jurisprudence ; several statutes were at length passed to remedy this mischief, the first of which applied to cases of bankruptcy. In this state also we have an act on the same subject: and the legislature of the United States in like manner have provided for cases of this kind.
*Our state law delares, (vol. 1, p. 437,) that, “where there has been mutual credit, or where mutual debts subsisted between the insolvent and any other person, the assignee shall state an account between them, and one debt may be set against the other; and what shall be due on the balance of such account, and'on setting such debts against one another, and no more, shall be claimed or paid on either side respectively.” The bankrupt act of the United States provides for cases of mutual credit, and mutual debts, and declares, in like manner, that after stating an account between the bankrupt and the other person, one debt may be set against the other.
Mutual credit, in common acceptation, is certainly confined to pecuniary demands; and as both acts speak of setting off one debt against the other, it can hardly be doubted that the legislature intended to embrace no other kind of demand. How can an account be stated between these parties? or how can a claim, made for breach of orders in technical or other language, be turned into a debt ? The case in Ex parte Deeze, 1 Atk. 228, cited by the defendant, Was in chancery, and Lord Ilardwicke determined nothing more than that a packer of goods should not be compelled to deliver them to the assignees of the owner who had become a bankrupt, without paying both the cost of packing and pressing, and also a debt due on another account: but even in this case, the chancellor considered the goods in the hands of Deeze, (as Lord Oowper had done on a former occasion,) and the note given, as forming an account current between the parties. He took notice also of Deeze being indebted to Nichols, the bankrupt, for wine about the same sum which the packing of the goods cost, and that those items also constituted an account between them. But here there is nothing which can form an account between the parties; on one side there is a demand for moneys laid out in repairs and supplies for the- defendant’s *37 hip; but on the other, no moneys which he has received, >r with which he has been intrusted, or property which has been, committed to his care, for which he has to account.
The demand is also of a nature too uncertain and contingent to be set off.
In Freeman v. Hyett, 1 Black. 804, in an action for *money due for a parcel of cloths, the court would not permit the defendant to show by way of set off, that a former parcel of cloths bought of the same plaintiff were burnt in pressing, which had greatly lowered their value ; but put the party to his special action on the case. In Howlett v. Strickland, Cowp. 56. Lord Mansfield and the other judges would not permit unliquidated damages, occasioned by the breach of other covenants to be performed by the plaintiff, to be pleaded by way of set-off. “ These damages,” says his lordship, “ are no debts and Mr. Justice Msforawas clear that “ an unliquidated demand, or uncertain damages, could not be set off” So in Weigall v. Waters, 6 D. & E, 488, to an action of covenant for rent, the defendant was not permitted to set off damages which he had sustained by reason of breaches of certain covenants on the part of the landlord. “ The sum to be recovered,” says Lord Kenyon, “ is uncertain ; it must be assessed by a jury, and there is no pretence to say that those uncertain damages may be set off in the present action.”(a)
In the present case the damages are still more uncertain, and the trial must be complicated to a great degree. Why the defendant did not insure ? or whether he could have insured fully? and what damages have been sustained? would be questions which ought not to be tried in this collateral way. The two cases last cited furnish also an answer to one argument of the defendant’s counsel, which is not without force, that as the set-off related to the same *38 agency on .which the plaintiff’s claim is founded, it ought to be admitted; and yet in the cases just referred to; we find the claim of the defendants arose out of the same instruments on which the actions were brought, but was rejected. The judge, therefore, who tried the cause, was right in overruling the testimony, and the plaintiff must have judgment.[1]
Postea to the plaintiff

 Therefore where an agreement is entered into for performance of covenants with a penalty, and the covenants are broken,, the penalty cannot- be Sat off. Nedriffe v. Hogan, 2 Burr. 1024.

 The presel t doctrine of recoupment appears to be applicable to this ease.