Ke>t, Cli. J.
delivered the opinion of the Court.
This case gives rise to two general questions. 1. Has the plaintiff showed a right to recover ? 2. If he has, is the defendant entitled to his set-off?
1. It was proved that the vessel sailed from North Ca-1-rolina for New-York, about the middle of February, 1802, and had not been beard of since, and that the pre-' ]iminary proofs were exhibited to the defendant at the expiration of one year from the sailing of the vessel.'. After the lapse of a year, there was in this case a suffi_ cient presumption of loss to justify the plaintiff to call oft the defendant for payment. There is no precise time; from which this presumption is to arise. Each case-must depend upon its own circumstances,. (Marshall, *154 4i7 >8.) and considering the relative situation of the two places which formed the commencement and end 0f tjie VOyage insured, the presumption was reasonable thát the vessel had perished.
No dispute exists about the due exhibition of the preliminary proof of loss, and as to the preliminary proof of interest, it appears that an account of 10 hogsheads of sugar and 75 barrels of turpentine was exhibited to Mr. Ferrers, the known agent of the insurers, to examine and report on preliminary proofs. It was proved upon the trial that those articles were on board ; and that the sugar w’as on account and risk of the plaintiffs, and together with the turpentine was consigned to them.— These articles, with the premium and charges thereon, were sufficient proof of interest to the amount of the sum insured. •
It is however objected, that here was no abandonment, and that an abandonment was requisite in every case where the plaintiff claims a total loss. The answer to this is, that the plaintiffs had nothing to abandon, There' was an absolute destruction of the whole subject, and the ceremony of abandonment would have been idle. In the case of Abel v. Potts, (3 Esp. Cases, 242.) an abandonment was not required where the loss was total, and continued so.
The plaintiff, therefore, in the first instance, showed a good right to recover. The next question is as to the right of set-off. It would be unnecessary for me to examine several of the collateral points discussed under this head ; for I am of opinion that a set-off cannot be permitted to a count on an open policy of insurance. The demand of the plaintiff, as well as that of the defendant, must be specific and certain ; there must be mutually, (or on each side,) a debt to authorize a set-off. A promissory note on the part of the defendant cannot be seoff against a demand of the plaintiff, unless that demand be of such a nature that it could be set off by a *155 defendant, if it should exist in him. (Montagu on Set-off, 18, 19. Colson and Welsh, 1 Esp. Cases, 378.) The statute says, (Laws of New-York, vol. 1. p. 347.) that “if (wo or more persons dealing, together, he indebted to each other, and one of them sues the other,” &c. The English set-off act is in substance the same. The statute of 2 G. 2 c. 22, § 13 declares, that where there are mutual debts between the parties, they may be set off. The words “ mutual debts,” in the English statute, and “dealing together and being indebted to each other,” in our act, are expressions of the same import, and the English decisions upon the construction of their statute, are perfectly in point as to the construction of our act. In Hewlet v. Strickland, (Cowp. 56.) it was held that uncertain damages could not be set off, and that the debts to be set off must be such as an indibitatus assumpsit would lie for. The same doctrine was held in Weighall v. Waters. Both these cases related to unliquidated damages, in a matter of contract, and they were cited and approved of by this court, in Brown v. Cumming. The case of Colson v. Welsh, already referred to, is very much in point, as it established that a set-off could not be admitted against an uncertain demand of the plaintiff, or one sounding in damages for the breach of an agreement. It will be scarcely necessary to show that the present ac. tion is for uncertain and unliquidated damages. In the case of an open policy, the extent óf the loss, and the extent of the interest, must always be matters of great uncertainty, until the proofs have been exhibited to, aud passed upon, by a jury. A policy is, emphatically,- a contract of indemnity, and nothing can, in most cases, be more unliquidated than the amount of. such indemnity. It depends upon a great variety of facts and circumstances, tobe disclosed and digested at the trial. Whatever therefore might be our speculations on the question, if it'were to be determined on general principles of equity, ive are in this case bound by' the language, and settled construction of the statute.
*156 We are therefore of opinion, that judgment must be rendered for the piaintiff.
Judgment for the plaintiff.

 Emerígon 381.