## Isaac Woods *versus* Thomas Carlisle and William Farrar.

In a suit brought by A, against B and C ; claims, in favor of B, against A, cannot be received as a set-off, unless it appear that C is only a surety.

Assumpsit, upon a note, for $400, dated, August 29, 1825, made, by the defendants, payable to Thomas S. Tillotson, or order, on demand, with interest, and, by him, endorsed to the plaintiff.

The defendants pleaded the general issue, and gave notice that they should offer, in evidence, by way of set-off, certain demands against said Tillotson.

The cause was tried at November term, 1831, when the making of the note by the defendants, and the endorsement by the plaintiff, were admitted. It appeared that the note was transferred, by Tillotson, to the plaintiff, in the year 1829.

The defendants offered, in evidence, certain orders and drafts made, by Tillotson, upon Carlisle, and paid by the latter ; but, there being no evidence that the sums, thus paid, by Carlisle, were received in payment of this note, the court rejected the evidence, and a verdict was taken, for the plaintiff, subject to the opinion of the court upon the foregoing case.

*Goodall* and *Woods*, for the plaintiff.

*Bell*, for the defendants.

Richardson, C. J., delivered the opinion of the court.

It has not yet been settled in this state, when a note has been endorsed and actually negotiated after it has been discredited, whether a set-off of demands, in favor of the maker against the endorser, is admissable in a suit brought in the name of the endorsee. The statute provides for a set-off " where there are mutual debts or demands between the plaintiff and defendant." It has

been settled that the statute means the real, and not merely the nominal, plaintiff. Thus, in the case of Levi Eaton v. Benjamin Brown, Rockingham, November Term, 1814, it was decided, where a note, which had been endorsed and sued in the name of an endorsee, still remained the property of the endorser, that the defendant might avail himself of his account against the endorser, as a set-off. And we are inclined to think, when a man takes a discredited note and sues in his own name, when the defendant has a set off against the endorser, that the endorser must be considered the plaintiff within the meaning of the statute. The endorsee stands in the place of the endorser. 5 Pick. 312, *Sargent* v. *Southgate* ; 2 Chitty's Rep. 387, *Jarvis* v. *Chapple* ; 1 Johns. 319, *Hendricks* v. *Judah* ; 6 Cowen, 693, *Johnson* v. *Bridge.*

But it is not necessary to settle this question, at this time, for this set-off is clearly inadmissible on another ground. It is a claim of only one of these defendants against the endorser, and, on that account cannot be received.

7 B. & C. 217, *Jones* v. *Fleeming* ; 11 Mass. Rep. 140, *Walker* v. *Leighton,* 6 Cowen, 261, *Wolfe* v. *Washburn* ; Montague, 23 ; 11 Johns. 70, *Sherman* v. *Crosby.*

Perhaps, if it had appeared that Farrar was only a surety, the rule to be applied might be different. 4 Bingham, 423, *Bourne* v. *Bennett.*

*Judgment on the verdict.*