KNOX and others *against* THE PROTECTION INSURANCE COMPANY.

An unadjusted claim for a loss on a policy of insurance, is subject to the process of foreign attachment.
A corporation, like a natural person, is liable to this process.

This was a *scire-facias*, in a process of foreign attachment, to compel the payment of a sum of money, alleged to be due from the defendants, an incorporated company, to *Hugh Findley*, an absent and absconding debtor to the plaintiffs.   The declaration set forth the original suit against *Findley*, demanding 2500 dollars damages, a copy being left with the present defendants, as his debtors and trustees ;  a judgment against him ;  a demand on the execution made of the defendants ; and concluded, by averring, " that said *Protection Insurance Company*, at the time of leaving the copy of said writ, against said *Findley*, with them in service, were indebted to the said *Findley*, in a greater sum than the amount of said judgment and execution and officer's fees, *viz.* by a policy of insurance, a loss having accrued by fire, claimed to exceed the amount of

said policy, before the leaving of said copy with said company; but said claim was not agreed to, by said company, and remains unadjusted."

To this declaration, the defendants demurred; and thereupon the case was reserved for the consideration and advice of this Court.

*W. W. Ellsworth* and *T. C. Perkins*, in support of the demurrer, contended, 1. That an unadjusted claim, under a policy of insurance, is not *a debt*, within the statute of foreign attachment. It is a mere executory agreement to indemnify to such an extent as a jury, in the exercise of their sound discretion, shall award. This is not the case of a mere unascertained debt; but an open obligation to save harmless; and is like any other case of a guaranty. The happening of the event insured against, does not create a *debt*, but a loss, to be measured and found by a jury; and this being done, the money, to that extent, may be demanded    *Gordon* v. *Bowne,* 2 *Johns. Rep.* 150. 155.    *Howlet* v. *Strickland, Cowp.* 56.    *Colson &* al. v. *Welsh,* 1 *Esp. Rep.* 379.    *Crawford &* al. v. *Stirling,* 4 *Esp. Rep.* 207.    *Weigall* v. *Waters,* 6 *Term Rep.* 488. *Gillett* v. *Mawman,* 1 *Taun.* 137. 140.

2. That corporations are not subject to the process of foreign attachment. As to them, the statute is inapplicable and deficient. In the first place, if the statute embraces one corporation, it does all; so that towns, societies, and school districts are to be factorized. Now, if a thing can be done, there must be a way of doing it. Let us then enquire, where shall the copy be left? The statute only provides for leaving a copy where a corporation is *sued;* but here, in the first instance, it is not sued; and there should be no uncertainty about any step in the process; for the money is locked up, when a copy is properly left. In the next place, the sheriff must make demand in sixty days: he must be able to know what is his duty, and make, at once, a proper return. Whom shall he call upon? The treasurer, or the select-men of the town? They have no official power to settle the question; nor have the officers of any corporation.

Again; a corporation, when sued, as in this case, cannot disclose. In chancery, some officer is made a party; but what can be done on this writ? No officer can insist upon a

*Hartford,*
*June, 1833.*

Knox
*v.*
Protection
Ins. Co.

right to disclose ; none may know the facts.    Besides, a corporation can act only by the vote of its legally constituted directors.    And if the defendants should induce some director to come in, and bring with him the books of the company, the plaintiff might object to all this.    *The Hartford Bank* v. *Hart,* 3 *Day,* 495.    The statute contemplates a case where there is a personal garnishee, who himself knows, and can be called upon, by an officer, and under his oath in court, be examined by the plaintiff ; and can likewise defend himself.— The books of a corporation may shew but a part of what a personal defendant would prove, by his own disclosure.    The directors may not know the facts, or may refuse to disclose ; and besides, they are not, an   cannot be made, parties to this writ.

This point has been decided in *Massachusetts* unanimously ; and has never since been agitated there.    *The Union Turnpike Road* v. *Jenkins* & al. 2 *Mass. Rep.* 37.    Nor has it been decided differently any where.    The necessity of the personal attendance of the garnishee in court, that the plaintiff may examine him upon oath, was established in *Byard* v. *Stewart,* 1 *Root* 149.

*Hungerford* and *F. Parsons,* contra, contended, 1.    That the claim in question may be sequestered, by this process. The statute being a remedial one, intended for the furtherance of justice, must have a liberal construction,    Here is *a sum of money due by contract.*    It is not necessary that the amount should have been previously ascertained by a judgment.    It is as capable of ascertainment, as a debt on book, or one due by bond or note, on which payments have been made.    The cases cited by the counsel for the defendants, are cases of *set-off,* and are not applicable to the process of foreign attachment.    But apply the principles of the law of set-off : with us, unliquidated claims may be set off.    Could not the plaintiffs in this case set off a premium note against a loss under this policy ?

In this process, the trustee is called upon to answer for all the goods, effects and credits of the principal in his hands, without regard to the nature of the demands, or the form of action in which they would be recoverable of the principal ; and on the other hand, he is to be allowed all his demands

against the principal, of which he could avail himself, in any form of action, or any mode of proceeding, between himself and his principal. *Hathaway* v. *Russell*, 16 *Mass. Rep.* 473. 476.

2. That corporations are embraced in the statute relating to foreign attachment. They are *persons, inhabitants,* and *occupiers of land;* they are liable on their contracts, and even for torts; and have all the powers and privileges, incidents and attributes, of natural persons. *The Bank of the United States* v. *Deveaux,* 5 *Cranch,* 65, 6. *The People* v. *The U-tica Insurance Company,* 15 *Johns. Rep.* 358. *Angell & Ames on Corp.* 95. 125. 128. 132. 217. n. 219. 220, 1, 2, 3, 5. 15 *Serg. & Rawle* 176. A corporation may also be called upon to disclose. This course, in chancery proceedings, is familiar; and it may be done, with equal facility, in foreign attachment. *Anon.* 1 *Vern.* 117. *Wych* v. *Meal,* 3 *P. Wms.* 310. *Mood-amay* v. *Morton,* 1 *Bro. Ch. Rep.* 469. *Dummer* v. *Chippenham,* 14 *Ves.* 245. *Brumly* v. *The Westchester County Man-ufacturing Society,* 1 *Johns. Ch. Rep.* 366.

DAGGETT, Ch. J. Two questions have been discussed, by counsel, and are now to be considered and decided.

1. Is the indebtedness of the defendants such as to authorize this proceeding by way of foreign attachment? That they *owed,* when the copy was left with them, to the absent debtor, in a certain sense, or that they were *liable* to pay him for a loss which they had insured against, is not denied; but it is insisted, that this liability does not render them responsible in this suit. In support of this position, they cite the following authorities. *Gordon* v. *Bowne,* 2 *Johns. Rep.* 150. *Howlett* & al. v. *Strickland, Cowp.* 56. *Colson* & al. v. *Welsh,* 1 *Esp. Rep.* 379. *Brown* v. *Cuming,* 2 *Caines,* 33. *Craw-ford* & al. v. *Stirling,* 4 *Esp. Rep.* 207. These cases all arose and were decided under the statutes of set-off. Under those statutes, we know, that mutual debts only can be set off. No claim for damages which are unliquidated, can be set off. This is the extent of those decisions. I do not think, that they affect this case. Our statute declares, "that whenever the goods or effects of an absent or absconding debtor are concealed in the hands of his attorney, agent, factor or trustee, so that they cannot be found or come at, to be attached; or

where debts are due from any person to an absent or absconding debtor ; it shall be lawful," &c. It would be an extremely narrow construction of these words to limit them to *liqui-dated* debts. The object of the statute, is, to secure for the benefit of the creditor, *all* the property of the debtor—all his goods, effects and credits. The defendants owe the absent debtor for a loss ; they do not adjust it ; but say they will not be responsible for it to his creditors. They are liable to pay him money ; and they will pay only when the damages are liquidated. It can be recovered in the same form of action, *viz. assumpsit.* Had the damages been ascertained, there could have been no difficulty ; but in that case, there would have been only *indebtedness.* Had the absent debtor sent them goods to sell, or debts to collect, and had they converted them into money, still the account might have remained unsettled, and they have been liable in an action of *assumpsit* or account. This objection, therefore, cannot prevail.

2. The defendants are a corporation ; and therefore, not liable to the process of foreign attachment ; or in other words, cannot be made garnishees. I ask, why not ? Corporations can become indebted in all the modes in which individuals can. They can receive and hold goods and effects, which may be entrusted to them. It is difficult, then, to see why they may not be the subjects of garnishment.

There is nothing in the act, which would serve to exempt a corporation from liability to this suit, any more than merchants in company, or individuals. The word *person* is, indeed, used in the statute. Thus, it is said, that " when debts are due from any *person,*" &c. But a corporation is a person. The general division of persons is into natural and artificial. It has been decided, by the supreme court of *New-York,* that under the act for the assessment and collection of taxes, corporations are liable for property owned by them ; yet the act speaks only of *persons. The People* v. *The Utica Insurance Company,* 15 *Johns. Rep.* 358. 382. In *England,* a corporation seised of land in fee for their own profit, are considered as occupiers or inhabitants, and liable to be rated for the poor tax. *Rex* v. *Gardner, Cowp.* 79. So for the repairs of bridges. 2 *Inst.* 703.

I am aware, that all statutes which speak of *persons,* cannot be construed to mean corporations ; but such construction

ought to be given, as will effectuate the intentions of the legislature;—such as will promote the object, and prevent the evil, in view. To apply this reasonable rule to the question now under consideration : Could the legislature have intended, that a debtor might deposit his money or effects in a bank, and then abscond beyond the reach of process, and thus draw from the bank from time to time, and yet the bank not be subject to garnishment? Or could it have been the intention of the statute, that a debt due from a corporation should be exempt from the process of foreign attachment?

But it is said, that there are cases in point to shew, that corporations cannot be holden as garnishees. *Byard* v. *Stewart,* 1 *Root,* 149. was cited. That case decides nothing, except that the garnishee could not send his deposition, instead of appearing before the court, and submitting to examination under oath. This point has no bearing on the question.

In *The Union Turnpike Road* v. *Jenkins* & al. 2 *Mass. Rep.* 37., decided in 1806, it is declared, that an aggregate corporation cannot be summoned as trustee. No reasons are given for the decision ; and with all respect for the learned court, I cannot feel bound to assent to that doctrine.

It is further objected, that a corporation cannot be *sworn ;* and the statute provides, expressly, for the disclosure of the defendant under oath, in the *scire-facias.* This objection comes quite too late. It is established, by the subjoined cases, that a corporation may be cited to disclose in a court of chancery ; and that the secretary or others of the corporation may be made parties to the bill ; and thus a full disclosure may be made. *Anon.* 1 *Vern.* 117. *Wych* v. *Meal,* 3 *P. Wms.* 310. *Moodamay* v. *Morton,* 1 *Bro. Ch. Rep.* 469. *Dummer* v. *Chippenham,* 14 *Ves.* 245. *Brumly* v. *The Westchester County Manufacturing Society,* 1 *Johns. Ch. Rep.* 366. They may also be compelled to produce books and papers. If the *Protection Insurance Company* can be made garnishees, and if they are and were indebted so as to be liable to this suit by foreign attachment, the court will meet with no insuperable obstacle to compel such disclosures as may subserve the purposes of justice, if they are not voluntarily yielded.

The plaintiffs, then, must recover.

BISSELL and CHURCH, Js. were of the same opinion.

PETERS, J. dissented.

WILLIAMS, J. being a stockholder in the *Protection Insurance Company*, gave no opinion.

Demurrer overruled.