## HUTCHINS *vs.* RIDDLE.

A judgment recovered by A. against B. and C., may be set off against a judgment recovered by B. against A.

And the court may, in its discretion, stay the entry of judgment in the action in favor of B. against A., to enable the latter to obtain a judgment on his demand against B. & C., for the purpose of making the set-off.

ASSUMPSIT. Upon the trial, the defendant offered, by way of set-off to the plaintiff's demand, a joint note to himself, signed by the plaintiff and another, which was disallowed, because the note was not against the plaintiff alone.— Whereupon, after a verdict for the plaintiff, the defendant moved that the action might be continued, to give him an opportunity to prosecute said note to judgment, in order that the judgments or executions thereon might be set off against each other. And he founded this motion on the fact that the plaintiff and the other signer of the note were wholly irresponsible, and that his debt would be lost, unless a set-off should be allowed.

The question whether the court of common pleas ought

to grant a continuance upon such a state of facts, was transferred for the consideration of this court.

*C. H. Atherton & J. U. Parker*, for the defendant.

*Morton*, for the plaintiff.

PARKER, C. J.    The demand of the defendant, being a joint debt of the plaintiff and another, is not a mutual claim which he could file in set-off, as a matter of right under the statute. 6 *N. H. Rep.* 27, *Woods* vs. *Carlisle.*

But if he now had a judgment on that claim against the plaintiff and the other signer of the note, the plaintiff being liable for the payment of the entire demand, the court might set off the defendant's judgment against that of the plaintiff, if the equity of the case required it. 4 *N. H. Rep.* 351, *Shapley* vs. *Bellows, and cases cited ;* 7 *Mass. R.* 140, *Goodenow* vs. *Butrick ;* 14 *Johns. R.* 63, 75, *Simpson* vs. *Hart ;* 1 *H. Black.* 217, *Nunez* vs. *Modigliani & a. ;* 2 *H. Black.* 587, *Dennie* vs. *Hill & a.*

And we are of opinion that it will be a proper exercise of the discretion of the common pleas, on the case stated, to continue the plaintiff's action for judgment, until the defendant can have an opportunity to obtain a judgment on his note, for the purpose of making this set off. 17 *Mass. R.* 178, 180, *Adams* vs. *Manning ;* 20 *Pick. R.* 259, *Rider* vs. *Ocean Ins. Co.*    If, as it seems not to be denied, the plaintiff owe the debt, and be irresponsible, there will certainly be no justice in his collecting his demand of the defendant, and leaving his own debt unpaid, merely because another person is holden with him, who is as irresponsible as himself.    One half, at least, of the defendant's demand against the plaintiff and the other person ought, in justice, to be set off, if not the whole.