## McQUESTEN *v.* BOWMAN.

In an action upon a contract in writing, not under seal, to indemnify the plaintiff as surety upon certain notes in which a third party was principal, the defendant cannot show by parol that among notes and accounts assigned to the defendant as a consideration for becoming such surety, were notes of the plaintiff; and that the defendant is entitled to have them allowed against the plaintiff's demand.

Nor can such notes be used as evidence, by the defendant, that he has indemnified the plaintiff; nor can the defendant claim to have them allowed by way of set off; especially where has filed no claim in set-off.

But when the plaintiff's claim is ascertained, the defendant may, if equity and justice require it, pray that the action be stayed until the amount of such claims against the plaintiff is ascertained; and the court can set off the judgments.

ASSUMPSIT, upon a written contract made by the defendant, October 23, 1841, to save the plaintiff harmless from certain notes therein described, on which he was surety, and one Stowell was the principal, and which the plaintiff had been compelled to pay. Plea, the general issue.

The contract did not state a consideration for its execution, and was not under seal. It was proved that the plaintiff was called upon to pay one of the notes mentioned in the contract, and, having first notified the defendant thereof, paid it before this action was commenced.

The plaintiff called said Stowell, who testified, that being in failing circumstances, and wishing to protect the sureties, he assigned to the defendant certain books of account, notes, &c., in consideration of which the contract mentioned in this suit was executed.

On cross examination the witness testified, that there was on the books a balance against the present plaintiff, and that some of the notes, &c., were due from the plaintiff to him; that there had never been any settlement between him and the plaintiff; but that the understanding at the time was, that these claims should be appropriated

by the defendant to the payment of the notes mentioned in the contract in suit.

To this testimony the plaintiff objected, on the ground that it went to vary the written contract, and that there could be no set-off in the case. The plaintiff also introduced evidence to show that he had a claim against both Stowell and the defendant, on account of another note which he had paid since the commencement of this suit.

The court instructed the jury, that if they found that the plaintiff was legally indebted to Stowell at the time of assignment, they should allow the amount of such indebtness in set-off, in part or in whole, of the plaintiff's claim, for payment made on Stowell's notes.

The jury, having found a verdict for the defendant, the above questions were reserved for consideration in this court.

*Bell* and *Morrison,* for the plaintiff. The instrument declared on was for a valid consideration; *Haseltine* v. *Guild,* 11 N. H. Rep. 390; and the consideration was alleged and proved.

The demand of the defendant was incapable of set-off, and if it were capable, there should have been notice by the defendant. The evidence was also incompetent, being parol evidence, to change the character of a written contract.

*Boardman* and *Farley,* for the defendant.

PARKER, C. J. This is a plain case. The plaintiff brings his action upon a contract by which the defendant agreed to indemnify and save him harmless for having signed certain notes as surety, upon which one Stowell was principal, and he produces a written contract of indemnity, and proves that he was called on to pay one of the notes mentioned, and, after having notified the defend-

ant, paid it before the commencement of this action. No exception was raised respecting a demand. It appears, from the evidence of Stowell, that the consideration for the promise by the defendant was an assignment to him, by Stowell, of certain notes and accounts. On this evidence the plaintiff makes out his case.

On the cross examination of Stowell he testifies that among the notes and accounts which he thus assigned to the defendant were some against the plaintiff, and the defendant claims that he is entitled to have them allowed against the plaintiff's demand. But it is clear that this evidence cannot be received to vary the written contract; thereby making a contract to indemnify the plaintiff against such balance as should be due to him after an allowance of Stowell's claims against him. Authorities are not necessary in support of this position.

Nor can the defendant use these notes as evidence that he has indemnified the plaintiff. They constitute an unsettled claim which the defendant may pursue in the name of Stowell, and upon the recovery of judgment he may be entitled to the money. But Stowell himself, if this action were against him, upon his implied promise to indemnify the plaintiff, could not defend it simply upon the ground that the plaintiff owed him an independent debt.

Nor is the defendant entitled to have these claims allowed by way of set-off, which appears to have been the ground upon which the court directed the jury to allow them. To authorize a jury to allow a demand in set-off, it should be filed as a set-off. *Clark* v. *Leach*, 10 Mass. 51; *Braynard* v. *Fisher*, 6 Pick. 355; *Wood* v. *Warner*, 19 Maine, 23; *Wilson* v. *Reuss*, 20 Maine, 421. The defendant has not filed them in set-off, probably for the very good reason that they are not the subject of set-off between these parties, in this action. They are not debts due and payable to the defendant, but claims which have been

assigned to him, on which, if he commences an action, it must be in the name of Stowell, who states that there has been no settlement between him and the plaintiff, so that the action would be open to such defences as the plaintiff might have against Stowell. *Barney* v. *Norton*, 2 Fairfield 350. The justice of the plaintiff's objection is apparent, as the case shows that he has another claim against both Stowell and the defendant, on account of another note which he has paid since the commencement of this suit.

But although the defendant is not entitled to a set-off in this action, he may, upon a proper case made, have relief of that character upon the rendition of the judgment. After the amount due the plaintiff is ascertained in this suit, the action may be stayed, if equity and justice require it, until Stowell's claims against the plaintiff shall be ascertained in an action for that purpose, and the court can then set off the judgments against each other, notwithstanding the parties on the record are not the same. *Wood* v. *Carlisle*, 6 N. H. Rep. 27; *Moody* v. *Towle*, 5 Greenl. R. 415; *Boardman* v. *Tucker*, 18 Maine, 179; *Hooper* v. *Brandage*, 22 Maine, 460; *Nims* v. *Rood*, 11 Vt. 296.

*Verdict set aside.*