# BELKNAP,

## JULY TERM, A. D. 1854.

---

## SMITH *v.* WOODMAN.

28 520
69 550

As a general rule, where a remedy is given by statute, and does not exist at common law, the declaration must be special upon the statute.

A declaration founded upon sections 5 and 6, chapter 180 of the Revised Statutes, giving the action of assumpsit to one co-tenant against another for his just share of the value of any trees destroyed or cut and carried away from the premises, or any other property attached thereto and destroyed, severed or carried away, and also to recover damages for the exclusive possession and income of the premises against the will and without the consent of the other co-tenant, must be special. A general indebitatus assumpsit, upon the sections, cannot be sustained.

To an action brought upon sections 5 and 6, chapter 180 of the Revised Statutes, a defendant cannot file in offset, claims similar to those for which the suit is brought. The causes of action contemplated by these sections are not mutual debts and demands which can be the subject of set off.

Courts of law have power to set off mutual judgments, and to withhold giving judgment for a plaintiff, until the defendant, by using due diligence, may obtain his judgment.

ASSUMPSIT, founded upon the statute giving to any co-tenant a right to bring this form of action against one or more of his co-tenants, for the recovery of his share of the value of any trees destroyed, or other property severed or carried away from the real estate held by them in common. The writ contained three counts. The first was in substance as follows:

In a plea of the case for that the plaintiff and defendant, at New Hampton, on the first day of November, 1848, were

seized and possessed of a certain tract of land as tenants in common, situated in New Hampton, and bounded and described, &c., containing about one hundred acres, and while so seized and possessed thereof as tenants in common, the defendant, on the first day of December, 1847, and on divers days between that day and the first day of March, 1850, by himself, his beasts and his servants, entered upon said land and cut and carried away therefrom one hundred and fifty cords of wood, of the value of $150, and in consideration thereof the defendant then and there promised the plaintiff to pay him one half the value thereof, on demand, which the plaintiff avers is the sum of $75. Yet though requested, has never paid the same.

The second count alleged that the plaintiff and defendant, on the first day of April, 1850, being seized and possessed, as tenants in common, of the land and premises described in the first count, and on divers other days and times between the first day of April and the first day of November, 1850, by himself, his beasts and his servants, entered upon said land and ploughed, occupied and cultivated a certain piece or parcel thereof, to wit, one acre, and appropriated the proceeds of said cultivation to his, the defendant's own use, to wit, twelve bushels of corn, of the value of $12, and fifty bushels of potatoes, of the value of $12, all of the value of $24, and in consideration thereof the said defendant then and there promised the plaintiff to pay him one half the value thereof on demand, which the plaintiff averred was the sum of $12. Yet though often requested, the defendant never paid the same.

The third count was a general indebitatus assumpsit for $87, according to the count annexed, as follows:

---

Smith *v.* Woodman.

---

*Noah Woodman to Moses Smith,*          *Dr.*

1850.

March 1—To seventy-five cords of wood, at $1 per
              cord, .............................$75,00
Nov. 1—To six bushels corn, at $1 per bushel,.....   6,00
  "    "   To twenty-five bushels potatoes, at six dol-
              lars, ...............................   6,00
                                                  ─────────
                                                    $87,00

The defendant pleaded the general issue, and filed a brief statement, accompanied by a set off. The brief statement and set off are substantially as follows :

The plaintiff will take notice that the defendant will insist and prove on the trial of this action, that the plaintiff has received from the land described in the writ a greater amount of wood, pasturing, crops, income and products from the time when the parties commenced holding the same as tenants in common to the date of the writ, than have been received by the defendant, to the amount of $100. And that the plaintiff has received from the pasturage upon said land mentioned in the account hereto annexed, the pasturing, and of the value therein stated. And that the defendant has expended, in the improvement of said land, the labor, and applied to the same the manure mentioned in the account. And that the plaintiff has also received from the land the crops and the wood mentioned in the account; all which the defendant claims to have allowed as a set off to any amount which the plaintiff may be entitled to recover in said action.

*Moses Smith to Noah Woodman, as tenants in common, Dr.*

1848.

To pasturing five of plaintiff's cows, by the season,
              at $3, ............................$15,00

Smith *v.* Woodman.

To pasturing three of plaintiff's three years old, by the season,...................... 7,50

    "     two of plaintiff's two years old, by the season, ......................... 4,00

    "     five of plaintiff's one year old, by the season, ......................... 6,25

    "     one horse 2 months,................... 2,50

To twenty-five bushels of oats,................... 10,00

1849—pasturing two four years old four months, at nine shillings, ................. 6,00

    "     five cows by the season,.......... 15,00

    "     two three years old, by the season,. 5,00

    "     three two years old, by the season,. 6,00

    "     four one year old, by the season,... 5,50

    "     three cosset sheep, at four shillings,. 2,00

1850—pasturing seven cows, by the season,........ 21,00

    "     one two years old,.............. 1,50

    "     two one year old,............... 2,50

1849 and '50.

To six days labor and board getting off stone, ploughing and fencing one acre pasture land, done by defendant, ........................... 6,00

  " five loads manure put on said land,........... 5,00

  " crops on said common land, two seasons, received by plaintiff, ........................ 50,00

  " wood taken from said land by said plaintiff, in two years,.............................. 40,00

$210,75

The court ruled the matters set forth in the brief statement and set off, inadmissible as a defence to the action; to which ruling the defendant excepted; and the questions arising upon the correctness of the ruling were transferred to this court for determination.

*Bell,* for the defendant.

Smith *v.* Woodman.

If the plaintiff can recover at all in this case, it must be upon the third count in his declaration, which is indebitatus assumpsit, upon an account annexed. The other counts are not founded upon the statute. The first lacks the allegation that the trees were standing, lying or growing on the real estate; and the second is deficient in not stating that the taking was against the will of the plaintiff.

Independently of the statute, assumpsit will not lie, but the action should be account or case. *Fanning* v. *Chadwick,* 3 Pick. 420.

At common law no action would lie. *Wheeler* v. *Horn,* Willes, 208. And since the statute of Anne no action in any form will lie by one tenant in common against another, who, as in this case, occupied and received the income, the other not being excluded from the occupation. *Sargent* v. *Parsons,* 15 Mass. Rep. 149.

Whenever, as in the third count in this case, a recovery can be had in indebitatus assumpsit, a set off is admissible even under the English statutes, though it is excluded where the cause of action or subject of the set off is a claim for general damages. The set off may be of any claim which would be recoverable under the same form of declaring. Cowp. 56; 1 Tidd's Prac. 603, 604.

The form of declaring adopted in the third count is the correct one, as the action is not for the recovery of general damages, but, by the terms of the statute, for the value of property severed from the land. Rev. Stat. ch. 180.

As the set off consists of a claim of the same nature, it is admissible.

This is an intentional change of the former statute, which provided for a recovery of damages, against the co-tenant, who is also described in it as a party offending. Act of July 5th, 1834.

If the plaintiff's claim was recoverable in this general form of declaring, he could not by declaring specially exclude a set off. *Birch* v. *Depeyster,* 4 Campb. 385.

Smith *v.* Woodman.

Under the New Hampshire statutes the English rule, which is founded upon the construction of the word " debts" in the statute of 2 George II. does not apply. Our statute allows the setting off not only of debts but of demands. Rev. Stat. ch. 187; Act of February 8, 1791, Laws, 1830, p. 79.

To show that the rule practiced upon by the English courts is founded upon the use of the word " debts " in this statute, we cite *Colson* v. *Welch,* 1 East, 378.

Under statute provisions, which are like that of New Hampshire, of a more general character, any demand arising *ex contractu,* and even torts, if connected with the transaction which is the subject matter of the suit, have been allowed as set offs. 3 U. S. Digest, Title Set Off; 5 Ib. same title.

*Moulton* and *Bellows,* for the plaintiff.

At common law, one tenant in common could maintain no action against the other in respect to the estate, except the action of account and a bill in equity.

Now one tenant in common may maintain an action of assumpsit against the other for his share of trees cut, &c., and also for damages for excluding him from possession of the land.

Our declaration is for the cutting of trees, 150 cords, and for entering and cultivating land and taking crops. The question is, can this set off be allowed? The statute in this case gives an action of assumpsit, but does not prescribe the mode of declaring. It gives a remedy, however, that did not exist before, and the declaration must contain such allegations as will bring the case within the statute.

It is like the law giving a remedy against the town where a pauper has his settlement; and there it is decided that the declaration must be special. *Andover* v. *Salem,* 3 Mass. Rep. 438; *Bath* v. *Freeport,* 5 Mass. Rep. 326. And it is understood so to have been held in this State.

Nor is there anything in the nature of the case that justi-fies a general count. The remedies existing before this stat-ute do not go upon the ground of any implied promise to pay. But the cause of action is in its nature a tort, and may be recovered by an action of trespass for mesne profits, as in a case where there has been a previous recovery in a writ of entry.

Independent of the statute there is nothing of the charac-ter of a contract at all, and such being the fact, the declara-tion must contain such allegations as bring the case within the statute.

But whatever may be the precise form of the declaration, the substance of the thing is a tort, and the damages wholly unliquidated.

The set off offered is for pasturing cattle, for oats and other crops, for wood taken from the ground by the plaintiff, and for improvements made by the defendant upon it. By the Revised Statutes, ch. 187, §§ 4 and 7, mutual debts and demands may be set off. The debts must be mu-tual debts on both sides. Each must be in the nature of a debt. There is no set off in actions *ex delicto ;* nor in ac-tions *ex contractu,* if the claim of either party be for uncer-tain or unliquidated damages, as for not delivering goods according to contract. 1 Chit Pld. 571 ; *Howlet* v. *Strick-land,* Cowp. 56, 57 ; *Hardcastle* v. *Nettlewood,* 5 B. & Ald. 93 ; *Freeman* v. *Hyett,* 1 Black. 394 ; *Brown* v. *Cumming,* 2 Caines, 33 ; *Gordon* v. *Bowne,* 2 Johns. 160 ; *Duncan* v. *Lyon,* 3 Johns. Ch. Rep. 358.

The debt must be clearly ascertained and liquidated. In *Gordon* v. *Bowne,* 2 Johns. 160, Chancellor *Kent* says, " both demands must be specific and certain ; on each side a debt." And this must be the doctrine here. The jury are to pass upon a great variety of matters.

Damages are unliquidated where there is no certain rule provided by the parties or by the law operating on the con-

Smith v. Woodman.

tract by which to ascertain the amount. *Mc Cord* v. *Williams*, 2 Ala. Rep. 71.

A matter for which indebitatus assumpsit would not lie, is not the subject of set off. *Howlet* v. *Strickland*, Cowp. 56, 57; 1 Chit. Pld. 571; *Hardcastle* v. *Nettlewood*, 5 B. & Ald. 93.

So it must be a money demand for which debt or idebitatus assumpsit would lie. 2 Saund. on Pld. & Ev. 971; and reduced or reducable to a certain pecuniary amount. *Ibid.*

In this case the claim of the plaintiff is unliquidated and sounds in damages. And so is the claim of the defendant, proposed to be set off.

To an action for not paying over a sum of money to a third person as by agreement, there can be no set off. *Colson & a.* v. *Welsh*, 1 Esp. 397.

Where the amount to be recovered is uncertain, and to be assessed by a jury, it is not the subject of set off. *Weirgall* v. *Waters*, 6 Term. Rep. 488.

EASTMAN, J. This action is founded upon the fifth and sixth sections of chapter 180 of the Revised Statutes. These sections are as follows:

" Section 5. Any co-tenant of real estate may recover by action of assumpsit against one or more of his co-tenants, his just share of the value of any trees destroyed, or cut or carried away by such co-tenant, which were standing, lying or growing on such real estate, or of any other property attached thereto and destroyed, severed or carried away by such co-tenant."

" Section 6. If any co-tenant of any real estate shall hold the exclusive possession and income thereof, against the will and without the consent of his co-tenant, the co-tenant so excluded may, in an action of assumpsit, recover of the person holding such possession, the full amount of all damages he may have sustained thereby."

The provisions of these sections are comparatively new. No such action exists at common law; and in order to maintain a suit founded upon the statute, sufficient must be stated in the declaration to bring the plaintiff within the provisions enacted. Where a remedy is given by statute, and does not exist at common law, the declaration must be special upon the statute. *Atkinson & a.* v. *Banwell & a.*, 2 East, 505; *Bath* v. *Freeport*, 5 Mass. Rep. 326; *Andover* v. *Salem*, 3 Mass. Rep. 438.

The statute changes the manner of pleading for the grievances alleged. It gives a new remedy, which exists only by the statute—a special assumpsit for the causes set forth.

A general indebitatus assumpsit could not be sustained, because therefrom nothing would appear showing that the parties were tenants in common, and that the one had the right to prosecute the other for trees cut; and proof that the defendant cut and carried away certain timber from the premises would be showing a trespass, if anything, instead of an implied assumpsit; and a variance between the evidence and the declaration would at once appear.

It is true the court will take notice of all public statutes, such as this is; but where it changes the common law, sufficient facts must be averred in the declaration to show that the party claims under the statute; enough must appear to constitute the liability created by the statute.

We have already decided that, to sustain an action upon the fourth section of the same chapter, which provides that any co-partner or joint owner may maintain an action of assumpsit against one or more of his co-partners, to recover his share of any goods or chattels, &c., the declaration must be special; and that under the general counts evidence respecting partnership dealings would be inadmissible. *Wright* v. *Cobleigh*, 1 Foster's Rep. 339.

The plaintiff's writ contains three counts; the last of which, being a general one, cannot, according to the views

Smith *v.* Woodman.

expressed, sustain his action. The other two were intended to be founded upon the statute ; and from them we gather that the plaintiff claims that, being co-tenant with the defendant of the premises described, the defendant cut and carried away one hundred and fifty cords of wood, of the value of $150, of which the plaintiff demands the one half, being $75, and that the defendant entered upon and cultivated one acre of the land, and took the crops, amounting to $24, of which the plaintiff claims the one half.

Whether the plaintiff has drawn his declaration sufficiently accurate, or whether there are defects in the first two counts, as suggested by the defendant's counsel, we do not propose to consider, as that question does not necessarily arise upon this case. In the disposition of the question whether the set off can be allowed, it is enough for us to see that the first and second counts are evidently intended to be founded upon the statute. Neither do we propose to consider the extent to which the sections of the statute may go in providing a remedy for various controversies between co-tenants; and we have given the plaintiff's declaration the examination which we have, for the purpose of better understanding of the defendant's proposition to set off the claims stated.

Now what does the plaintiff recover, under the fifth section of the statute, for the cutting and carrying away of trees standing, lying, and growing upon the real estate ? It is, in the words of the statute, " his just share of the value." It is an unliquidated matter, that is to be examined, passed upon, and settled by a jury ; and although the action of assumpsit is given by the statute, yet the cause of action is evidently an unsettled matter, in its nature tortious. And so with the sixth section ; what does the plaintiff recover by its provisions ? It is the full amount of all *damages* he may have sustained by reason of his co-tenant having held the exclusive possession and income of the premises, against his will. The amount recoverable under the provisions of this

section appears to be, in its nature, more general and unsettled than that prescribed in the other section; it is damages.

The set off which the defendant seeks to have allowed against the plaintiff's claims is similar in its character, in some respects, to the plaintiff's cause of action. We would remark, however, that by far the greater portion of the items, such as the pasturage of the cattle, could not, it would seem, be a subject of action under the statute, unless it should be made to appear that Smith was in the exclusive possession of the premises against the will and without the consent of Woodman.

But according to the view which we have taken of the matter, it is unnecessary to institute any inquiry upon this point. It is only by force of the statute, giving the action of assumpsit to co-tenants in specified cases, the sections of which we have cited, that this set off can, in any way, be allowed, and upon the ground that it is a mutual debt or demand, growing out of the same transaction. If there are mutual debts or demands between the plaintiff and defendant, at the time of the commencement of the plaintiff's action, one debt or demand may be set off against the other. Rev. Stat. ch. 187, § 4. But are these mutual debts or demands? Or do they grow out of the same transaction between the parties? The plaintiff claims that between the first day of December, 1847, and the first day of March, 1848, the defendant cut and carried away from the premises one hundred and fifty cords of wood; and that between the first day of April, 1850, and first day of November following, the defendant cultivated one acre of the land and took the crops. These are the grievances of which the plaintiff complains. On the other hand, the defendant's proposed set off is comprised of five items of pasturing during the year 1848, and twenty-five bushels of oats the same year, for the year 1849, of six items of pasturing, and in 1850, of three items for the same. Also in 1849 and 1850,

for labor upon the premises and manure put on the land, &c.

A statement of the claims of the parties shows at once, we think, that they are not those mutual debts and demands spoken of in the statute; and the giving to the plaintiff the action of assumpsit, in such cases, cannot change the law regulating set offs. It is plain, too, that the items specified in the set off relate to different transactions from those of which the plaintiff complains. They, perhaps, grow out of the fact that the plaintiff and defendant are co-tenants. But they are acts distinct and independent from those set forth in the plaintiff's declaration.

The cases, in this State, where unliquidated damages have been considered by way of set off, as growing out of the same transaction, are where a *quantum meruit* has been sustained, after a breach of contract, and the defendant has been permitted to show the extent of damage arising from the non-fulfilment of the contract, by way of reducing the amount the plaintiff shall recover. And the amount which the defendant, in such cases, has allowed to him, is not, technically and properly, a set off, but his evidence is admitted, as showing what sum the plaintiff ought in justice to recover; how much, if any thing, under all the circumstances, he deserves to have. *Britton* v. *Turner*, 6 N. H. Rep. 481.

And so in other States, where set offs have been allowed, which are not mutual debts and demands, but which appear to sound in damages, it has been done upon like equitable principles, where the matter to be investigated is strictly one transaction, which cannot be separated, and the amount allowed the defendant is by way of reducing the plaintiff's damages rather than as a legal set off, or else it has been done by virtue of special statutes.

But such is not the fact in this case. The matters in dispute, although growing out of the co-tenancy, are separate and independent acts, requiring independent evidence; and

the set off, like the claim of the plaintiff, is a subject uncertain and unliquidated, to be settled by the jury. The amount which the defendant could have allowed to him, if the set off should be received, would be his just share of the value of the trees cut, or other property, attached to the real estate, and carried away, and the full amount of all damages he might have sustained by reason of the plaintiff's having held the exclusive possession and income of the premises against the will and consent of the defendant. And it would seem that these matters can no more be the subject of a set off than one unliquidated contract can be against another. The first count of the plaintiff's declaration is for trees cut in the winter of 1847–8. Now suppose the plaintiff had cut trees in 1846, could the latter be set off against the former? We think there is no rule of law by which it could be done, and that there is no rule by which the defendant's set off can be admitted. There is nothing in the statute giving this action to co-tenants that can warrant it, and nothing in our general statute upon the subject of set offs that will permit it. It is not a mutual debt or demand, within the meaning of our statute or the practice of the courts. *Gordon* v. *Bowne*, 2 Johns. 150; *United States* v. *Wells*, 2 Wash. C. C. Rep. 161; *Brown* v. *Cuming*, 2 Caines 33; *Hepburn* v. *Hoag*, 6 Conn. Rep. 613; *Crowningshield* v. *Robinson*, 1 Mason's 93; *Wilmot* v. *Hurd*, 11 Wend. 584; *Sickles* v. *Fort*, 15 Wend. 559; *Adams* v. *Manning*, 17 Mass. Rep. 178.

Should the defendant resort to his action for the recovery of his claim and obtain judgment, the court might order the judgments to be set off. This they have the power to do, independent of any statutory regulation. Courts of law have power to set off mutual judgments. *Wright* v. *Cobleigh*, 3 Foster's Rep. 32; *Hutchins* v. *Riddle*, 12 N. H. Rep. 464; *Barrett* v. *Barrett*, 8 Pick. 342; *Graves* v. *Woodbury*, 4 Hill's 559; *Gould* v. *Parlin*, 7 Greenl. 82; *Dennie*

v. *Elliot,* 2 H. Black. 587; *Brewerton* v. *Harris,* 1 Johns. 145; *Goodnow* v. *Buttrick,* 7 Mass. Rep. 140.

And courts may withhold giving judgment for the plaintiff, until the defendant, by using due diligence, may obtain his judgment. *Adams* v. *Manning,* 17 Mass. Rep. 180. In this way a defendant is protected and suffers no wrong; while a jury is relieved from the confusion and uncertainty that must necessarily attend the trial of a case where different unliquidated amounts are required to be passed upon by them.

The ruling of the court, in excluding the set off, was correct.

*Set off inadmissible.*