### STEPHEN J. ASHBY *vs.* W. D. CARR.

1. CHOSE IN ACTION; ASSIGNEE OF, BY DELIVERY.—The assignee of a chose in action by delivery is vested with an equitable title thereto, which courts of law will notice and protect.
2. OPEN ACCOUNT: ASSIGNMENT OF, BY DELIVERY AND IN WRITING.—The assignee by delivery of an open account is vested with the same rights in reference thereto, as if the transfer had been made in writing, except that he cannot sue for the same in his own name.
3. OPEN ACCOUNT, OFFSET OF, BY ASSIGNEE BY DELIVERY AGAINST ACCOUNT DEBTOR.—The assignee by delivery of an open account, where the assignment is made before the commencement of suit, may plead it as an offset against the demand of the account debtor, upon proof of the account and the transfer.

ERROR to the Circuit Court of Chickasaw county. Hon. Joel M. Acker, judge.

Suit was instituted by Carr against Ashby, on a note for seventy-five dollars. Ashby pleaded offsets to the amount of eighty-one dollars. These offsets were open accounts, which had been originally due to Pulliam, a third person, and by him

transferred by delivery to Ashby. The court below excluded these offsets; and this is complained of as error.

*J. A. Orr*, for plaintiff in error, cited *Phipps* v. *Shegogg*, 30 Miss. 245; Barbour's Law of Set-off, 58; *Martin* v. *Williams*, 17 Johns. 329; *Tutle* v. *Bebee*, 8 Johns. 154.

*C. B. Baldwin*, for defendant in error, contended that,

In the case of *Phipps et al.* v. *Shegogg et al.*, the account relied on was assigned *in writing*. In this case, the account was *only delivered*. The point then is, can an open account be transferred by bare delivery, so as to make it a valid set-off, in the hands of the person to whom it is so delivered? It is submitted that public policy is opposed to so loose a practice. Books of account are generally kept, and in those books the original entries are made. What purports to be a copy from the book is the thing here transferred by delivery. There is no evidence of correctness upon its face, and nothing to show the *time* of its delivery. Ten copies may be thrown upon the market as well as one. The defendant is *not* protected by the judgment, because he is subject to be sued by the holder of each copy, and his liability depends upon the *time* of delivery to each person; a recovery by one is no defence as against the others. Some check should be placed on the fraud and perjury the doctrine contended for would give rise to; either by requiring the assignment to be in writing, fixing its date, or that the thing delivered should be the *original entry*. The authorities throw no light upon the question, as the entire doctrine of set-offs is a creature of the statute law.

The receipt offered was clearly not admissible, as the damages were unliquidated, and depended on the value of the county claims.

Harris, J., delivered the opinion of the court.

The only point presented for decision in this case, is whether the assignee of an open account *by delivery* can avail himself of it as an offset, in a suit against him, by the open account debtor.

It is admitted by counsel for the defendant in error, that the case of *Phipps et al.*, v. *Shegogg et al.*, decided by this court at the December term, 1855, 30 Miss. R., page 241, would be conclusive of this case, if the assignment of the open accounts had been made in writing in this case as in that.    In other respects, so far as the question before us is concerned, the cases are identical in principle.    It is well settled that an assignee of a chose in action *by delivery alone* is invested with an *equitable* title thereto, which the courts of law will take notice of and protect, and hence the practice of bringing suits in the name of the open account creditor *for the use* of the transferee, and by statute in this State the usee is treated as the real party. It is provided that the suit shall not abate by the death of the *nominal* plaintiff, but shall progress to final judgment and execution, in like manner as if brought in the name of the usee, who is also made liable for costs as in other cases, and entitled to *revivor* in case of death, in the name of his representative. Revised Code, article 50, page 486.    By a subsequent provision of our law, the assignee may sue in his *own name*, "*if the assignment be in writing.*" Revised Code, article 42, page 485.    But nothing further has been done by the legislature to change the rights of the assignee by *delivery*.    Such a transfer invests him with the right to demand, sue for, and recover at law, in the name of the assignor, for his use, the amount of the account so transferred, which for all legal purposes becomes a "*demand*" in his hands against the debtor.    By article 98, page 493, of the Revised Code, it is provided that "when a mutual indebtedness shall exist between the plaintiff and defendant, the defendant may plead payment and may prove and set off against this *demand* of the plaintiff *any* debt or *demand* which he may have against the plaintiff," etc.    In view of our legislation and the practice under it, the relation of debtor and creditor, between the debtor and assignee, is established by the transfer by *delivery*, so far as the substantial rights of the parties are concerned, as fully as if they were the original parties contracting.

This view of the question before us, is commended by its convenience and its direct tendency to prevent a multiplicity of

actions, and save ·the expense of useless litigation. We feel, therefore, no hesitation in holding that an assignee of an open account, transferred by *delivery*, may avail himself thereof as a payment and set-off against the debtor, in any action commenced by him, after such ·ssignment against the assignee, upon proof of the account and the fact of transfer, as fully as though the action had been between the original parties.

The ruling of the court below was adverse to this—for this reason the judgment is reversed, cause remanded, and a *venire de novo* awarded.