## H. CASPER v. S. J. THIGPEN.

1. SET-OFF.—A claim for damages, the amount of which is unascertained, cannot be
set off against an action on an open account. But the assignee of an open account
against his creditor may use it as a set-off of any action commenced against him after
the assignment.  Ashley v. Carr, 40 Miss. 485.

ERROR to the circuit court of Hinds county.  BROWN, J.

Judgment upon appeal from J. W. Covington, Esq.,
justice of the peace.

The facts are sufficiently stated in the opinion of
the court.

*C. D. Gillespie*, for plaintiff in error, cited,
Whitelaw et al. v. Robinson, 8 S. & M. 349; 3 Black.
Com. 304, note; 2 Johns. 150; 2 Caines Cas. 33;
2 Yeates, 208; 2 Story on Cont. 690; 41 Miss. 131;
ib. 197–339.

*S. M. Shelton* and *W. Calvin Wells*, for defendant in
error, cited,

Bouv. Law Dict., title, "Liquidated Damages;" 30 Miss. 245; 40 ib. 64; 4 How. 70; Code of 1857, p. 493, art. 98; 1 Pars. on Cont. 228, note *e*; Story Eq. Jur., § 527; 43 Miss. 328; 13 S. & M. 605; 1 ib. 383; 3 How. 222; 23 Miss. 524; 29 ib. 41.

TARBELL, J.:

This cause was originally instituted before a justice of the peace, where a judgment was rendered for the plaintiff. An appeal was taken to the circuit court, where the defendant recovered a judgment. The suit was upon a note for $46.31, dated July 15, 1870, executed by Thigpen to Casper. The defendant offered, as a set-off and counterclaim, a demand assigned to him by Jacob and Isaac Burns against Casper; which claim consisted of one bale of cotton, weighing 505 lbs., at 22c. per lb.—$111.10, and a quantity of cotton shipped by Casper for Burns, and never accounted for, to the amount of $35.35, amounting, in all, to $146.45. The jury returned a verdict for the defendant of $64.79. A motion for a new trial was overruled, and thereupon a writ of error was prosecuted to this court. It is assigned for error, that the verdict was contrary to the law and evidence; that the court erred in not excluding defendant's account as an offset; that the court erred in permitting defendant to charge the second item of the offset; that the court erred in excluding evidence offered by the plaintiff, and that the court erred in admitting evidence offered by defendant.

If any evidence was objected to on either side, the record fails to show it.

A correction in one of the items of defendant's claims was allowed upon evidence of a clerical error made by the counsel in pleading the set-off. This was the item of $35.35, which appears to have been rejected altogether by the jury, as the verdict is for the difference

between the note sued on and the bale of cotton claimed by defendant.

Counsel says, in his brief, " that the refusal of the circuit court to include as an offset this unliquidated claim of defendant in this cause, was directly in conflict with the positive provisions of the law and the decisions of the supreme court of a number of the states of the United States.   We insist that the only matters which may be set off must be mutual liquidated debts or damages, but unliquidated damages cannot be." And in support of this position, counsel cites 3 Black. Com. 304; 2 Johns. 150; 2 Caines, 33; 2 Yeates, 208.

This is not the case of an attempt to set off " unliquidated damages."   It is an open account, capable of definite ascertainment by calculation and allowable as set-off by all the adjudications of this and other states. 40 Miss. 64; Geo. Dig., Set-off, and cases there referred to; 2 Johns. 150; 2 Caines, 33, note; 2 Yeates, 208. Counsel has perhaps confounded " unliquidated damages " (8 S. & M. 349) with an " open unliquidated account " (4 How. 376).   The former was rejected, but the latter was admitted as a set-off.   See those cases.

The motion for a new trial was upon the ground that the verdict was contrary to the law and evidence, and upon further grounds already noticed and disposed of.

Upon the facts, there were several witnesses on each side, and we do not see why the verdict was not fairly deduced from the evidence.   We certainly cannot perceive that the jury found contrary to the testimony before them.   There was evidence of an account between Casper, a merchant, and the Burns', who were farmers ; goods sold by Casper to them, and a delivery of thirteen bales of cotton to Casper by Burns ; a settlement of this account with Casper by Thigpen, as the agent of Burns ; of an agreement by Casper to correct errors ; of one bale of cotton weighing 505 lbs., at 22cts. per lb., not accounted for by Casper ; and of an uncondi-

tional sale and transfer to Thigpen by Burns, of this bale of cotton sold to them by Casper, and not accounted for by him in the settlement. There were three witnesses to the delivery and sale of the bale of cotton in controversy, and upon the whole case, several on each side, all of whom stood before the court unimpeached and unattacked. The verdict is, at least, in accordance with the preponderance in number of witnesses.

Upon the point pressed by counsel as the important one in the case, it may be further observed, that the rule in Bullard v. Dorsey, 7 S. & M., that a set-off must be mutual, that is, between the same parties, or, as expressed in the statute then in force, the parties must "be dealing together," is obsolete, of course, under our subsequent legislation.

The Code of 1857, followed by that of 1871, enacts that the defendant "may prove and set off against the demand of the plaintiff, any debt or demand, which he may have against the plaintiff." This language is certainly very broad, but it is not necessary to declare any construction other than the case before the court. Indeed, the precise question now before us was adjudicated under the late statutes, in Ashley v. Carr, 40 Miss. 64, wherein the court, referring to art. 42, p. 485, and to art. 98, p. 493, Code of 1857, hold this language: "We feel, therefore, no hesitation in holding that an assignee of an open account, transferred by delivery, may avail himself thereof as a payment and set-off against his creditor, in any action commenced by him, after such assignment, against the assignee, upon proof of the account and the fact of transfer, as fully as though the action had been between the original parties."

But, in the case at bar, the sale and transfer by delivery was absolute and unconditional prior to the institution of this action, and before the trial this sale

and transfer was further evidenced by being reduced to writing.

It is well understood, that upon this subject, though at first restricted to dealings between the parties, legislation has from time to time greatly enlarged the right of set-off and counterclaims, and so far as the one under consideration and kindred questions are concerned, the case of Ashley v. Carr is accepted as a correct exposition of the present statute.

*Judgment affirmed.*