NEW-YORK,
May, 1829.

Tuttle
v.
Tompkins.

## TUTTLE *vs.* TOMPKINS.

ERROR from the Onondaga common pleas. Tompkins brought an action of covenant against Tuttle for the recovery of $400, the rent of a saw-mill, accruing in the year 1826, payable in quarter yearly payments. The lease was for three years from January, 1824. It contained a covenant on the part of the lessor, that if the lessee should, at the expiration of the term, leave the mill in a better state of repair than what it was in when he received it, he should be paid the difference by the lessor. In January, 1827, after the expiration of the lease, the suit was commenced. The defendant pleaded *non est factum*, and gave notice of set-off for monies paid, &c. ; and specially, that during the term, he repaired the mill, and that, at the expiration of the term, the mill was in a better state of repair than when he received it ;

In an action of covenant for rent by a landlord, the defendant cannot *set off* damages that he may be entitled to recover against the landlord on covenants contained in the same indenture on which the action is brought.

for which he claimed an allowance of a certain sum against any demand of the plaintiff which should be proved on the trial. On the trial of the cause, the lease was proved, and after deducting all payments made by the defendant, a balance of rent of upwards of $270 was found due to the plaintiff. The defendant then offered to prove that he left the mill in a better state of repair than it was in when he received it, to the amount of $400, and that such repairs were necessarily made. This evidence being objected to, was rejected by the court, and the defendant excepted. The jury found for the plaintiff the sum of $270 $\frac{90}{100}$, for which judgment was rendered.

*J. R. Lawrence*, for plaintiff in error. The claim of the defendant was a proper subject of set-off, and the evidence offered by him ought to have been received. It was a demand arising on contract. The defendant could not gainsay the deed upon which the suit was brought, and therefore was entitled, by the very provisions of the statute of set-offs, (1 *R. L.* 515,) to give notice with his plea of the general issue of what he would insist upon at the trial for his discharge, and to give the contract under which his claim arose in evidence. The demands were mutual, arising under the same contract. The plaintiff claimed his rent, and the defendant demanded an allowance for having left the mill in better repair than it was in when he took it. The idle ceremony of paying and receiving back could not be required. The intent of the parties is manifest, that at the expiration of the term, their mutual demands should be liquidated. (6 *Johns. R.* 49. 17 *id.* 293. 1 *Wendell*, 228.)

This was not an offer to set off *unliquidated damages*, but a demand arising on contract, entirely susceptible of liquidation, capable of being rendered definite and certain. It was not asking for the allowance of *damages* in consequence of some act done or omitted to be done by the opposite party, the amount of which rested in the discretion of a jury, but for the set-off of a demand arising under the same contract on which the claim of the plaintiff was founded. (*Willes*, 261. *Barnes*, 204. 1 *East*, 375.)

*J. Edwards,* for defendant. It was not in the contemplation of the parties, at the making of the contract, that any claim which the defendant might have for repairs should be set off against the rent. The lease was for three years ; the rent was payable quarterly, which might be demanded, and which the defendant covenanted to pay as it fell due ; whereas the allowance, if any, for repairs, was not to be made until the expiration of the term.

The covenants are separate and independent. The damages which the defendant offered to set off are unliquidated, and, though arising under a covenant, they could not be set off. (*Cowp.* 56. 6 *T. R.* 488. 1 *Esp. R.* 379. 4 *id.* 207. 2 *Johns. R.* 150, 156. 2 *Caines,* 33. 3 *Johns. C. R.* 351. 4 *id.* 287. 2 *Cowen,* 139, 174.) The same construction is to be given to our statute as to the *English* statute of set-off. Could the defendant have brought *indebitatus assumpsit,* his set-off would have been allowable ; but he could claim only under his covenant, and his remedy must be on his covenant. (4 *Campb. N. P.* 134.) The case of *Hepburn* v. *Hoag,* (6 *Cowen,* 613,) definitively settles this question, and is not distinguishable from the present.

*Lawrence,* in reply. On examination, it will be found that the cases cited against me do not militate against the principle for which I contend. In *Cowper,* the set-off claimed was for the non-delivery of allum ; in 6 *T. R.* 488, for not repairing a house ; in 4 *Esp. R.* 207, a guaranty, the amount of which was unliquidated and depending upon a contingency, was refused as a set-off ; 2 *Johns. R.* 150, was an action on a policy of insurance, which could not have been set off against the opposite party, and therefore no set-off was allowable against it. The cases in 3 and 4 *Johns. Ch. R.* proceed on the same principle. The case of *Hepburn* v. *Hoag,* (6 *Cowen,* 613,) is expressly decided on the ground that uncertain damages being sought to be recovered, a set-off was not admissible ; and such is the case in *Caines.*

The defendant here did not claim damages, but a *debt ;* and the only question was the quantum to which he was entitled, which is always the subject of enquiry in a set-off.

*By the Court,* MARCY, J.   The plaintiff in error contends that the amount of the claim proposed to be set off was, as soon as it accrued, a payment of so much rent, and consequently the true sum due to the plaintiff below could not be ascertained, without investigating and settling that claim.   I regard the covenants to pay rent to the lessor, and to allow the lessee for the improvement of the premises, as distinct and independent.   The rent was payable quarterly, and consequently, at the close of the term, there would not have been due, if the stipulations of the lease had been punctually complied with, but one quarter, amounting to one hundred dollars ; whereas the claim for the improvements, which did not exist till the term had expired, might have exceeded that sum. Taking into view the subject matter of the covenants, and the language in which they are expressed, it does not appear that the payment of the lessee's claim was precedent to the right to receive rent.

Could the claim of the lessee, for leaving the premises in better repair than they were in at the commencement of the term, be set off against the lessor's claim for arrears of rent ? To recover what the defendant below offered as a set-off, he must have sued on the covenant in the lease.   It is well settled, that damages for the breach of one covenant in an instrument, cannot be set off against a claim for damages for the breach of another covenant in the same instrument. (*Cowper*, 56.)   It was urged that the defendant's claim was of such a nature that it might be recovered in an action of *indebitatus assumpsit*, and if so, it was a proper matter for a set-off.   In this I apprehend there is a mistake.   The claim of the defendant arises under the covenant, and without that, he has no cause of action or foundation for his demand.   It was for unliquidated damages.

In the case of *Weigall* v. *Waters*, (6 *T. R.* 488,) the tenant expended thirty pounds, as he stated in his plea, for the repair of the premises, which he contended the landlord ought to have repaired, and offered to set off that amount against the rent.   It was held by Lord Kenyon, that if the defendant had a claim for the repairs, there was no pretence for saying that it could be set off, because

the debt or demand was uncertain. But it was not as uncertain as the claim of the plaintiff in error ; for the jury, in order to have ascertained the amount of his claim, must have assessed, not only the value of the repairs, but must have ascertained the increase in the value of the mill at the expiration of the term, compared with its value at the time the defendant took possession of it, arising from the repairs put upon it by the defendant. This would have involved a complicated inquiry, and presented a very different question to the jury from that on which they would have to pass, if called upon to assess the value of articles sold, or even services performed. In no sense can this claim assume the character of a *debt*, and unless it does, it cannot be a matter of set-off under the construction which has been given to our statute relative to set-offs. (2 *Johns. R.* 155. 3 *Johns. C. R.* 357.)

The demand which was offered to be set off was as uncertain as that which was offered to be set off in the case of *Hepburn* v. *Hoag*, (6 *Cowen*, 613,) and the authority of that case, I think, disposes of this.

Judgment affirmed.