## Sickels *vs.* Fort.

In an action of *assumpsit* to recover the rent of demised premises, the tenant is not entitled to *set off* the damages sustained by him by the breach of the *agreement to repair*, entered into on the part of the landlord : such case is not within the statute of set-off.

The plaintiff claimed to recover $300, the rent of a saw-mill occupied by the defendant. The defendant proved *payments* to the amount of $223, and claimed an allowance of $200 besides, because the mill had not been put in good repair previous to his taking possession, according to agreement The cause was heard by *referees*, who allowed the $200, which, added to the payments, left a balance in favor of the defendant of $123, for which they made a report in his favor. The plaintiff moved to set aside the report.

*I. L. Curtenius,* for the plaintiff.

*O. Clark,* for the defendant.

UTICA,
July, 1836.

Sickels
v.
Fort.

*By the Court,* SAVAGE, Ch. J. It has been decided in this court, that the fact of taking possession under a contract or lease creates a tenancy, and subjects the tenant to payment of rent, and that he cannot *set off* any damage which he may have sustained by the breach of the landlord's agreement; that his remedy is by an action on the agreement. 4 *Wendell,* 506. 12 *id.* 529. It is true that those cases were in *replevin;* but it will be found that the objection to such set off is equally applicable to the action of *assumpsit.*

The revised statutes, 2 *R. S.* 234, § 50, and 354, § 18, specify the cases in which set-offs may be allowed. The demand to be set off, *sub.* 3, must be a demand for real estate sold, or for personal property sold, or for money paid or services done; or if it be not such a demand, the amount must be liquidated, or be capable of being ascertained by calculation. The demand in this case against the plaintiff for damages arises upon an express contract; but it is not for property sold or services rendered, nor is the amount liquidated, nor capable of being ascertained by calculation. There is no way of ascertaining the amount but by introducing witnesses, who can only determine the amount of damages by estimates and opinion. The revised statutes have curtailed the right of set-off as it previously existed. By the revised laws, 1 *R. L.* 515, it existed in all cases where two or more persons dealing together were indebted to each other, or had demands arising on contract or credits against each other. That was general, and related to demands upon contracts generally; now set-offs are limited to contracts of certain descriptions, and if they are not such, then the amount must be liquidated or capable of being ascertained by calculation. This is not such a contract. The only remedy therefore is by an action upon the contract.

The report must therefore be set aside; costs to abide the event.