Ives & M'Carty *vs.* Van Epps & Shattuck.

Where an action is brought for breach of a contract, whether the same be sealed or not, and the defendant can show that the plaintiff has not performed the contract on his part, according to its terms or spirit, so as to entitle him to a cross-action, he may at his election, instead of bringing an action in his turn, *recoupe* his damages arising from the breach committed by the plain iffs, whether they be liquidated or not.

*It seems,* however, that in such case, the defendant should give notice with his plea of his intention to insist upon the right of recoupment.

Motion to set aside report of referees. This was an action of covenant on a sealed agreement, by which the plaintiffs contracted to complete a certain wall in a good, sufficient and workmanlike manner, as soon as might be, for which the defendants agreed to pay, within 30 days from the date, $1500, with other sums. This action was brought to recover the $1500. For this sum, one of the defendants had given his acceptance to the plaintiffs, which had been dishonored.

The cause was heard before referees, where, among other matters, the defendants proposed to inquire into the character of the work done under the contract, in order to prove that it was of a quality inferior to what the contract required. The offer was overruled; and the referees reported in favor of the plaintiffs the whole $1500, with interest. The defendants now move to set aside the report.

*H. V. D. Van Epps,* in person.

*W. F. Allen,* for the plaintiffs.

*By the Court,* Cowen, J. Many points were raised before the referees, which are now repeated here, on the motion to set aside their report. I have been unable to discover the least force in any of them, except that arising from the offer and rejection of the testimony to show that the contract had not been performed in a workmanlike manner. This was proper, not by way of *set-off;* but in

mitigation of damages; *recoupment*, as it is more briefly called by the law. See *Toml. Law Dict. Recoupe.* The defendant proposed to go into the inquiry generally, which was overruled; and he afterwards urged the propriety of its admission as showing a failure of the consideration for his covenant. But it does not come in under that head. A set-off may arise out of the instrument on which the action is brought, or out of some independent matter. In the case at bar, the referees doubtless rejected the evidence, in the first instance, because they thought it was offered by way of set off; and regarded it as inadmissible in that view, the damages being unliquidated. They were, so far, right. Then, when it was afterwards urged as to making out a failure of consideration in whole or in part, it could not be received. The covenant to pay the $1500 was independent and absolute. It had no connection with performance as a consideration, but more properly stood for this upon the cross covenants. The offer came under the third category, *recoupment.* Recoupe is synonymous with defalk or discount. It is keeping back something which is due; because there is an equitable reason to withhold it; see *Toml. Dict. ut supra;* and is now uniformly applied where a man brings an action for breach of a contract between him and the defendant; and the latter can show that some stipulation in the same contract was made by the plaintiff, which he has violated, the defendant may, if he choose, instead of suing in his turn, *recoupe* his damages arising from the breach committed by the plaintiff, whether they be liquidated or not. The law will *cut off* so much of the plaintiff's claim as the cross damages may come to. In short, the principle established in *Reab* v. *M'Allister,* 4 *Wendell,* 483, applies; and cannot be better explained than it was there by *Marcy, J., from p.* 490 to 494. When the same case came before the court for the correction of errors, the chancellor considered these cross claims, which he denominates claims in *diminution of damages;* and put them on the broad ground of natural equity. He holds that cross claims arising out of the same transaction should compensate one another, and the balance only be recovered. 8

*Wendell,* 109, 115. We have often, of late, acted on this principle, as cases have arisen in various forms; and I thought it had been illustrated by authorities subsequently reported. None, however, were cited by the counsel for the defendant: nor have I thought it worth while to search for any, although I see by *Tuttle* v. *Tompkins,* 2 *Wendell,* 407, and *Sickles* v. *Fort,* 15 *Wendell,* 559, that the principle has not been steadily adhered to. I am satisfied that it should be, though the defendant ought always to have an election whether he will go by way of recoupment or bring a cross action. I remember two or three cases in which my brother, Chief Justice *Nelson,* has delivered opinions of this court distinctly in accordance with what I now insist on; and I think I have delivered one or two myself, though I do not now remember the cases.

It is said, that, if the evidence was admissible within *Reab* v. *M'Allister,* yet notice should have been given. That may be necessary; but the rejection of the evidence was not put on the want of notice; nor is there any thing before us showing that the proper notice was not given.

The report of the referees is set aside, the costs to abide the event.