McDonald *v.* Christie.

[ALBANY GENERAL TERM, December 7, 1863. *Hogeboom, Peckham* and *Miller,* Justices.]

———•◦•———

## McDonald *vs.* Christie.

A mere omission, by a vendor of chattels, to volunteer information, without inquiry, of a difficulty known to him and unknown to the purchaser, does not constitute fraud and entitle the purchaser to damages.

The vendor has a perfect right to be silent, leaving the purchaser to examine for himself or to require a warranty. And unless by words or acts he leads him astray, he is not liable for fraud.

The objection that there was no evidence in the case which showed, directly, that the vendor, upon the sale, did any thing more than remain silent, not having been made, either upon a motion for a nonsuit or in any other stage of the proceedings, and it having been assumed upon the trial that no such objection existed, the point cannot be made available on appeal.

In an action for fraud in the sale of a horse, a witness who swears to his knowledge of the value of horses from having kept them and dealt in them for a number of years, and that he was acquainted with the horse in question, is competent to give an opinion as to the value of the horse.

Where the purchaser of a chattel, in an action brought against him by the vendor, upon the note given for the price, set up as a defense the fraud of the vendor, upon the sale, but afterwards, and before any adjudication thereon, withdrew the defense; *Held* that the suit brought upon the note was not a bar to a subsequent action brought by the purchaser, against the vendor, to recover damages for fraud on the sale.

McDonald *v.* Christie.

A defendant may, in such a case, elect whether he will recoup his damages when sued upon the note, or bring his cross action, and recover in that for the alleged fraud.

APPEAL from a judgment of the county court, affirming a judgment entered before a justice of the peace in Albany county.

The action was brought before a magistrate, for fraud in the sale of a horse. The plaintiff, in his complaint, alleged that the horse was diseased, which was known to the defendant and unknown and unperceivable by the plaintiff, and that the defendant fraudulently and deceptively concealed said facts from the plaintiff, on the sale, for which he claimed to recover damages. The sale was made on the 15th of March, 1861, for $65, of which $25 was paid at the time, and the plaintiff gave his note for the balance. It appeared that the horse was over 12 years old; that there was no warranty, and no positive proof of a misrepresentation or artifice, on the part of the defendant, and no inquiry by the plaintiff. The cause was tried on the 26th of March, 1862. In the month of January, previous, the defendant sued the note, in the Albany justice's court. The plaintiff then interposed in that suit, as a defense, the fraud as his cause of action alleged in this suit. He introduced evidence on the subject, and then withdrew his defense. The court in that action rendered a judgment in favor of the plaintiff therein. The several objections taken to the plaintiff's recovery will appear in the opinion of the court. The justice rendered a judgment in favor of the plaintiff, which the county court affirmed. The defendant thereupon appealed to the supreme court.

*S. Hand,* for the appellant.

*J. W. Mattice,* for the respondent.

*By the Court,* MILLER, J. The defendant interposes several objections to the plaintiff's right to recover in this action before the justice, which I will proceed to consider.

It is insisted that there was no fraud on the part of the defendant in accepting the plaintiff's offer for the horse, without volunteering, unasked, for the purpose of dissuading him from the purchase. It is no doubt a sound proposition that a mere omission by a vendor of chattels to volunteer information without inquiry, of a difficulty known to him and unknown to the purchaser, does not constitute fraud and entitle the party to damages. The vendor has a perfect right to be silent, leaving the purchaser to examine for himself or to require a warranty. And unless by words or acts he *leads him astray*, he is not liable for fraud. He may let the buyer cheat himself, but must not actively assist him. (1 *Parsons on Cont.* 461.)

There is certainly no evidence in the case which shows, directly, that the defendant, upon the sale, did any thing more than remain silent, as he had a right to do; but the distinction between silence and some act which assisted in cheating the purchaser is so close, that with no objection taken, it will hardly do to say that it was not acquiesced in by both parties, that there was something developed on the trial from which it might be inferred that the defendant intended to defraud the plaintiff. It perhaps may be assumed that the parties themselves acted upon the hypothesis that there was some evidence on that branch of the case.

In *Paige* v. *Fazackerly*, (36 *Barb.* 392,) it was held that where a party acquiesces in a course of proceeding which assumes the existence of a fact, he will be deemed to have admitted it; and the fact will be treated, on appeal, as beyond the reach of any objection not made on the trial. In that case there were several omissions in the proof, which might have been rendered available if the objection had been taken upon the trial; but the parties having acted on the assumption that they were not a matter of contest, it was decided that they could not be urged on an appeal.

It is said that the objection was taken in the answer, which denied the plaintiff's allegations. I think this was not enough.

The attention of the court and counsel should have been directed to it, so as to give the opposite party an opportunity to meet it if he could do so. The party is bound to be ordinarily vigilant, and has no right to rest upon the supposition that he can urge points upon an appeal, not taken in the court below. It is not reasonable to suppose that the defendant would have omitted to raise the point in some shape, if there had been an entire failure of proof or an admission equivalent to it. It is also quite probable that if the objection had been taken, it might have been obviated in some way; and it is a universal rule that any objection must be taken at the trial which by any possibility could be obviated, if then taken. (*Ingraham* v. *Baldwin,* 12 *Barb.* 9, *affirmed in other points in* 9 *N. Y. Rep.* [5 *Seld.*] 45. *Briggs* v. *Smith,* 20 *Barb.* 409. *Laimbeer* v. *City of New York,* 4 *Sandf.* 109.)

The objection raised not having been made, either upon the motion for a nonsuit or in any other stage of the proceedings, and it having been assumed upon the trial that no such objection existed, I think the point cannot be made available now.

It is urged that the justice erred in allowing the witness Tyrrel to give an opinion, as to the value of the horse. The witness swore to his knowledge of the value of horses, having kept them and dealt in horses for a number of years; and being acquainted with the horse in question, I think he was competent to show the value. The plaintiff merely sought to prove the value of the horse with the defects, and without them. The measure of damages was the difference between the horse as sold and his actual value. (*Sharon* v. *Mosher,* 17 *Barb.* 518.) The question put to the witness was within this rule, and although he was not shown to have had any particular knowledge of the nature of the disease with which it was alleged the horse was affected, yet his acquaintance with horses was sufficient to enable him to judge, to a certain extent, as to their value, and to make his testimony relevant and entitled to such weight as his knowledge

and the circumstances of the case warranted. The evidence was clearly admissible.

It is said that the action was barred by the judgment in the suit brought by the defendant for the balance of the price of the horse; and that the plaintiff having set up the same fraud for which he now claims to recover, and introduced proof to sustain his claim, the whole matter might there have been adjudicated, and he cannot recover in a separate action.

The defendant, on the trial between him and the plaintiff in the suit brought by the defendant, upon the note, withdrew his claim for damages, prior to its determination, and I am inclined to think that under such circumstances the suit brought upon the note was not a bar to the subsequent action for damages. Had there been an adjudication in that suit, upon the subject of damages, it would no doubt have been a bar to a subsequent action, for the same thing. But inasmuch as the claim, and every thing relating to that defense, was withdrawn from the consideration of the court before the case was finally submitted, a different rule prevails. The defendant had a right to elect whether he would recoup his damages, when sued upon the note, or bring his cross action and recover in that for the alleged fraud.

Although the general doctrine is laid down in *McAllister* v. *Reab*, (4 *Wend.* 492,) that a second litigation would not be tolerated where a fair opportunity can be afforded by the first to do final and complete justice to the parties, yet I do not understand that case to establish the doctrine that the defendant is bound to set up a breach of warranty or fraud, in mitigation of damages, where a party is sued for the original consideration. (*See C. T. 3d ed.* 734.) Nor is this position sustained by subsequent decisions in similar cases. A contrary doctrine is distinctly held in *Cook* v. *Moseley*, (13 *Wend.* 277;) *Batterman* v. *Pierce*, (3 *Hill*, 171;) *Ives* v. *Van Epps*, (22 *Wend.* 155.)

In *Winfield* v. *Bacon*, (24 *Barb.* 154,) Birdseye, J. lays it down as a general rule that the defendant who has an

McDonald *v.* Christie.

equitable defense to an action, being now authorized to interpose it by answer, is bound to do so, and should not be permitted to bring a separate action for the purpose of restraining the prosecution of another action pending in the same court. Although this case is cited to maintain the general doctrine that a party is bound to interpose matter available as a defense, without reserving his claim for a cross action, I do not understand it to go to any such extent. Such a doctrine in fact might be unjust and inequitable in many cases, as it would prevent a party from recovering a balance in his favor where the proof showed that he was entitled to it.

· *Bellinger* v. *Craigue,* (31 *Barb.* 539,) which is also relied upon by the defendant to support the position that if the defense is once pleaded and withdrawn the cause of action is gone, sustains no such doctrine. That was an action brought against a physician, for malpractice in treating a broken limb. It appeared that the physician had sued the plaintiff previously, for his services, before a justice, and he appeared and put in an answer containing a general denial and averring that the services were unskillfully performed. On the trial he withdrew his second answer. It was held that the fact of performance of the contract was impliedly averred in the complaint and denied by the answer, and that the judgment of the justice in favor of the plaintiff for his services necessarily included the fact of performance on the part of the plaintiff, and it could not be again litigated. The decision of this case was put upon the ground that the claims in such a case could not co-exist, and a recovery by either party would effectually bar the action of the other party. The case is by no means analogous to the one at bar.

In *Davis* v. *Talcott,* (2 *Kern.* 184,) which was an action for damages for a breach of a contract to manufacture and put up machinery, it was held that a recovery in a suit upon an agreement where the right to recover depended by the pleadings upon the truth of the allegation made in the com-

plaint and denied by the answer, that the plaintiff had fully performed the agreement, is a bar to an action brought subsequently by the defendant in the first suit against the plaintiff therein to recover damages for the alleged non-performance of the same agreement, and that the record of the recovery estops the defendant from controverting that the plaintiff therein fully performed the contract. The plaintiff in the previous suit brought by the defendants against them, interposed a claim of damages, but finally withdrew it, and admitted that they were indebted for the causes of action mentioned in the complaint. The decision of the case was put upon the ground that the withdrawal of the claim for damages did not waive the right to insist upon the defense; that the plaintiffs were bound to establish their title to the price stipulated, by proof that the machinery was made within the time and in the manner called for by the agreement, and the vendees were at liberty to meet and combat this proof by counter-evidence on their part. And as the cause of action and indebtedness of the defendants were by the complaint made dependant on a full performance of the contract by the parties who instituted the suit, the concessions of the defendants were equivalent to an admission on the record to that effect, and they were estopped.

It will be perceived that there is a distinction between that case and the one now considered. The defendant here could have recovered in his action upon the note without evidence to show what the contract was; and it was not essential that he should prove that he had fulfilled the contract, as it was in the case cited.

It by no means follows that because a party withdraws a defense which he has pleaded he is thereby precluded if the action goes against him, and that his cause of action is gone. In many cases he has a right to withdraw from the consideration of the court and jury any distinct cause of action, and to bring his suit therefor. (13 *John.* 226. 16 *id.* 135.

*C. T.* 2d *ed.* 727.) Upon no reasonable ground can the point urged be sustained.

Nor do I think that the doctrine of waiver applies to a case like this, as is claimed. It is only where the remedies are not concurrent that the choice of one of them operates as a disaffirmance of the other. Here the remedy by action for the alleged fraud, or by interposing a defense in a suit upon the note, are not conflicting or inconsistent, but specially sanctioned by repeated adjudications, and the rule involved has no application.

There appears to have been no error committed upon the trial, and the judgment of the justice and the county court must be affirmed, with costs.

[ALBANY GENERAL TERM, December 7, 1863. *Hogeboom, Peckham* and *Miller*, Justices.]