# SUPREME COURT.

## Thomas Lee agt. The Board of Supervisors of Jefferson County.

*Bonds issued by towns for railroad purposes — The subject of town charges — Decisions of United States courts affecting state courts — Validity of bonds issued by the town of Orleans — Taxpayer not authorized to stay action of the ordinary machinery provided for the collection of judgments which are declared by statutes to be town charges.*

Some years ago the town of Orleans, Jefferson county, issued bonds to the amount of $80,000 in aid of the Clayton and Theresa railroad; $70,000 of these bonds were sold to Nathan E. Platt, of Chicago. Since 1874 the town has contested payment of the bonds in the United States courts, the case at one time being carried into the United States supreme court. The bonds were held good, and in accordance with this decision the board of supervisors of Jefferson county two years'

Lee agt. Board of Supervisors of Jefferson County.

ago levied on the town $10,000, and last year $18,000. Five judgments, amounting to between $17,000 and $18,000, were to be provided for by the board this year, when the plaintiff Lee, a taxpayer in the town of Orleans, brought suit against the board, and a temporary injunction was granted restraining the board from levying the tax or from adjourning until the case was decided. Nathan E. Platt, upon affidavits and upon a copy of the record of the United States supreme court judgments, wherein Nathan E. Platt was plaintiff and the town of Orleans, Jefferson county, defendant *ex parte*, applied to have the injunction order dissolved, which application resulted in the order to show cause, which, in effect, asks that Platt be made a party defendant herein instanter, and that the plaintiff herein be required to amend the summons and complaint by inserting the name of said Platt as an additional party defendant, and to make such amendments to the pleadings as shall be necessary to effect such purpose, and why the injunction should not be dissolved, or that Platt have such order or relief in the premises as may be proper :

*Held, first.* That as the defendant, the board of supervisors, is a nominal party, having no pecuniary interest in the question for the determination of which this action was brought, and a determination of the questions raised by the plaintiff in his favor would be prejudicial to the rights and interests of Nathan E. Platt, it would, in effect, stay and defeat the collection of the several judgments recovered by him against the town of Orleans in the United States courts, and he is therefore a necessary and proper party, and should be brought as such before the court before the trial and determination of the question raised by the complaint and papers presented.

*Held, second.* That all the questions in the case having been decided by the United States circuit court and the United States supreme court, when the entire town of Orleans was a party to the suit, Lee, a single taxpayer, cannot maintain an action.

*Held, third.* That the judgments of the United States court conclusively establish an indebtedness on the part of the town of Orleans to Platt, the holder of the bonds and coupons, and as against the town he is entitled to issue an execution and satisfy the judgments out of any property belonging to the defendant in those actions, and as against the town he is entitled to avail himself of the statutory provisions enacted for the purpose of facilitating the collection of judgments rendered against the town.

*Held, fourth.* The Revised Statutes (*vol.* 1, *page* 558, *sec.* 8) declares in terms, "judgments recovered against a town shall be a town charge." The judgments recovered by Platt, by virtue of that provision of the statute, are declared to be a town charge, and being a town charge, they fall within the provisions constituting the machinery for the col-

lection of town charges, to wit · Assessment and levy upon the taxable property within the territory of the township.

*Held, fifth.* That the statute of 1881, known as an act for the protection of taxpayers (*Laws of* 1881, *chap.* 531), does not apply to the case in hand. It was passed to prevent fraudulent recoveries of judgments by default or by collusion, not for the purpose of giving every taxpayer within the limits of the town the right to litigate afresh questions fairly, fully and honestly presented by · way of defense and solemnly adjudicated adversely to the town.

*Held, sixth.* That notwithstanding the act of 1881, the judgments recovered by Platt, the creditor, against the town of Orleans are conclusive upon the town of Orleans, and it is the duty of the board of supervisors of Jefferson county to apply the provisions of the law relating to the collection of judgments, and to place upon the schedule of the town a sum sufficient to pay and liquidate the judgments so recovered by Platt, the creditor.

## *Special Term, November,* 1881.

PROOF of service upon the defendant of the order to show cause was duly made. An injunction order, upon the application of the plaintiff *ex parte*, was granted November 21, 1881, enjoining "the board of supervisors from taking any proceedings or doing any act or thing whatever for the collection of the amount due upon the bonds or coupons annexed, particularly mentioned in the complaint, or either of the judgments mentioned and described in the complaint in this action, or any part thereof, of the taxpayers of the said town of Orleans, in pursuance of the Revised Statutes or the provision of chapter 554 of the Laws of 1880."

Upon the 28th of November, 1881, Nathan E. Platt, upon the affidavit of Francis Kernan and Nicholas E. Kernan, and upon a copy of the record of the United States supreme court judgments, wherein Nathan E. Platt was plaintiff and the town of Orleans, Jefferson county, defendant *ex parte*, applied to have the injunction order dissolved, which application resulted in the order to show cause now here returnable.

The order to show cause in effect asks that Nathan E. Platt be made a party defendant herein instanter, and that the

plaintiff herein be required to amend the summons and complaint herein by inserting the name of said Platt as an additional party defendant herein, and such amendments to the pleadings made as shall be necessary to effect such purpose.

*Second.* Why the injunction order made herein November twenty-first should not be dissolved, or that Platt have such order or relief in the premises as may be proper. The order to show cause, with the papers accompanying it, was duly served upon the plaintiff and upon the defendants.

No appearance was made by the board of supervisors on the return of the order to show cause.

*L. J. Dorrian* appeared for plaintiff.

*Francis Kernan* and *Nicholas E. Kernan,* for Nathan E. Platt.

HARDIN, *J.*— Upon the hearing had upon the order to show cause it was assented to by the respective counsel that if the conclusion was reached, at the close of the argument, that Nathan E. Platt was a proper party defendant, and that his application to require the plaintiff to make him such party ought to be granted, that such conclusion and determination might be certified to the adjourned special term to be held at the court-house in the city of Utica, on Monday, the fifth day of December next, at ten o'clock, and that thereupon the special term might and should allow the proper order for such purpose, with the same force and effect as though the application for that purpose had been originally submitted to that court.

From an inspection of the allegations contained in the complaint in this case and the proofs now submitted, it is apparent that the defendant, the board of supervisors, is a nominal party, having no pecuniary interest in the question for the determination of which this action was brought. A determination of the questions raised by the plaintiff in his favor

would be prejudicial to the rights and interests of Nathan E. Platt. It would in effect stay and defeat the collection of the several judgments recovered by him against the town of Orleans in the United States court. He is therefore a necessary and proper party, and should be brought as such before the court before the trial and determination of the question raised by the complaint and papers here presented. Therefore the plaintiff's proceedings should be stayed until a proper order is entered, amending the summons and complaint by making Nathan E. Platt a party defendant, which stay of the plaintiff's proceedings, however, may be vacated upon service of a copy of the order of the special term, so to be made, and a copy of the amended summons and complaint upon Francis Kernan, the counsel of said Platt, and which service shall be deemed a sufficient service of said amended summons and complaint upon said Platt. Either party, upon a certified copy of the foregoing conclusion, and upon the original papers used upon this motion, may apply at said special term for the order aforesaid.

Proceedings were instituted to bond the town of Orleans, under the provisions of the acts chapter 907, Laws of 1869, and chapter 925, Laws of 1871, before the county judge of Jefferson county. Those proceedings resulted in an adjudication in favor of the proceedings, and in the appointment of three commissioners to issue $80,000 in bonds and deliver the same in exchange for stock of the Clayton and Theresa Railroad Company. Those proceedings were brought in review before the general term of this department and affirmed. Subsequently the proceedings had before the county judge were reviewed by the court of appeals, in 1873, and that court reversed the judgment of the supreme court and of the county judge (*People* agt. *Sawyer*, 52 *N. Y.*, 296), on the ground that petitioners, in the bonding proceedings, had the right to withdraw their names from the petition "at any time prior to the final submission in the case to the county judge," and that after allowing the persons to withdraw their consents there

did not remain sufficient consents, representing a majority of the taxable property of the town as the same appeared upon the last assessment roll.

The commissioners for the town issued bonds in behalf of the town, purporting to bind the town in the sum of $80,000.

Nathan E. Platt, a resident of the city of Chicago, in the state of Illinois, became the owner of $70,000 of the bonds so issued. Subsequently he commenced an action to recover upon certain coupons attached to said bonds, in the circuit court of the United States. A verdict was directed therein in his favor. Subsequently a writ of error was allowed, and upon that writ of error a judgment was pronounced by the supreme court of the United States in favor of Platt, at the October term, in 1878 (*See Orleans* agt. *Platt*, 99 *U. S. Rep.*, 676). In that decision it was held that the bonds were like other commercial securities, the court following *County of Warren* agt. *Marcy* (97 *U. S. Rep.*, 96). The same doctrine is found in 100 United States Reports, 585. Secondly. That Platt was a *bona fide* holder of the bonds so issued, and that the town was guilty of gross laches and negligence in not having obtained a "preliminary injunction," "forbidding the commissioners to issue the bonds, and the railroad company, if it received them, from parting with them until the case made by the *certiorari* was finally brought to a close." Third. That the bonds in the hands of Platt, the *bona fide* holder, were free from objection and could be enforced, and that the judgment of the circuit court, establishing the bonds and the recovery upon the coupons, was valid and should be sustained (*See opinion of* SWAIM, *J.*, 99 *U. S. Rep.*, 647). Such judgment of the circuit court of the United States is conclusive upon the town of Orleans. It is conclusive upon all questions actually litigated, or which might have been litigated, upon the parties to the action and their privies, according to well settled principles and numerous adjudications (*Bellinger* agt. *Craig*, 31 *Barb.*, 534; *approved in Gates* agt. *Preston*, 41 *N. Y.*, 113; 7 *Weekly Dig.*, 315;

42 *Barb.*, 41; *see also* 54 *N. Y.*, 644; 75 *N. Y.*, 153; 77 *N. Y.*, 76; 3 *Barbour's Ch.*, 343; 4 *Coms.*, 71). Such force and effect of the judgments of the supreme court were recognized by the legislature of this state, in chapter 509 of the Laws of 1880, entitled "An act to authorize certain officers of the town of Orleans to issue bonds to pay indebtedness of said town." The title of the act clearly recognizes the Platt bonds as a part of the "indebtedness of such town." In the first section of that act it is recited that "the United States courts having adjudged that, by reason of their having been transferred to a *bona fide* holder, said bonds are a valid and legal indebtedness against town and the property therein." And also "which have been so adjudged a legal indebtedness against said town." As to the effect to be given to such words in the act from which quotations have just been made, see opinion of HUNT, J., in *Little Rock* agt. *National Bank* (98 *U. S.*, 308). Assuming that the indebtedness created against the town by the issuance of the bonds of the town, and the selling thereof to Platt, arose when he became a *bona fide* purchaser thereof, as has been determined by the supreme court of the United States, it is not apparent that such indebtedness falls within the condemnation contained in sections 10 and 11 of article 8 of the constitution of the state of New York. Those sections were added to the constitution of the state by a vote of the people in November, 1874, and by section 1 article 16 of the constitution it did not take effect until the first day of January, 1875.

The commissioners appointed by the county judge subscribed for stock on the third day of April, 1872, and the next day issued and delivered in payment 160 bonds.

In the case of *Knapp* agt. *The Town of Newton* (1 *Hun*, 268), the court held, viz.: "The legislature has power to require the town to pay bonds issued for a local improvement, though the statute under which they were issued is unconstitutional." The case in hand differs from *Weisner* agt. *The Village of Douglass* (64 *N. Y.*, —), as no indebtedness had been

created before, or adjudicated to be valid against the corpora-
tion before the passage of chapter 577 of the Laws of 1868.
Besides, the subscription for stock in a manufacturing corpora-
tion in that case was held to be for a private and not a public
purpose. This case also differs from *Thomas* agt. *City of
Richmond* (12 *Wall.*, 349), where the contract sought to be
enforced was illegal.

The views already expressed lead to the conclusion that the
judgments of the United States court conclusively establish
an indebtedness on the part of the town of Orleans to Platt, the
holder of the bonds and coupons aforesaid, and that as against
the town he is entitled to issue an execution and satisfy the judg-
ments out of any property belonging to the defendant in those
actions, and that as against the town he is entitled to avail him-
self of the statutory provisions enacted for the purpose of facili-
tating the collection of judgments rendered against the town.

It may not be importune to briefly consider the legislation
of this state bearing upon the subject of the collection of
judgments recovered against towns. Revised Statutes (*vol.* 1,
*page* 558, *sec.* 8) declared, viz. : Judgments recovered against
a town, or against town officers, in actions prosecuted by or
against them, in the name of office, *shall be a town charge*,
and when levied and collected shall be paid to the person to
whom the same shall have been· adjudged. An analogous
provision in respect to judgments recovered against counties
is found in section 6, title 3, part 1, chapter 12 of the Revised
Statutes (*vol.* 1, *page* 384).

It may be observed in passing that section 8 (*quoted supra*)
declares in terms " judgments recovered against a town shall
be a town charge." Applying that declaration to the case in
hand, the judgments recovered by Platt, by virtue of that
provision of the statute, are declared to be a town charge.
Being a town charge, do they not fall within the provisions
constituting the machinery for the collection of town charges,
to wit : Assessment and levy upon the taxable property
within the territory of the township.

Lee agt. Board of Supervisors of Jefferson County.

By chapter 554 of the Laws of 1880, the legislature made further provision " to facilitate the collection of judgments against counties, towns, cities and villages." Section 1 of that chapter provides, viz. : " If a final judgment for a sum of money, or directing the payment of money, shall have been or shall hereafter be recovered against any county, town, city or incorporated village within this state, and the same remains, or shall hereafter remain, unpaid,. and the execution thereof is not or shall not be stayed, as. required by law * * * the said board of supervisors * * * is hereby empowered to assess, levy and cause to be collected, at the same time and in like manner as other moneys for the necessary expenses of the county, town, city or village, as the case may be, are then next thereafter to be assessed, levied and collected, and in addition to the moneys now authorized by law to be assessed, levied or collected for that purpose, a sum of money sufficient to pay the said judgments, with the interest thereupon, and fees and expenses chargeable by law upon execution if any issued to. collect the same." Section 2 of that act provides that " no restriction or limitation imposed by law as to. the sum to be raised in any year in any city or village shall apply to the moneys to be raised for the purpose specified in. the last preceding section; but the said moneys shall be raised in addition to any sum so restricted or limited. The language of the first section of the act is mandatory. It is very like the language found in the act brought under consideration in the case of *The People* agt. *The Board of Supervisors of Herkimer County* (56 *Barb.*, 452), which case was subsequently affirmed by the general term of the fifth district, and the case, and the doctrine thereof approved in *People* agt. *Board of Supervisors of Otsego County* (51 *N. Y.*, 401). These provisions of law seem to be ample to enable a judgment-creditor to collect the amounts due and unpaid on the several judgments obtained by him. It will be observed that in the statutes just quoted no discrimination is made against judgments of the United States

courts. It must be assumed, therefore, that they fall within the general provisions of the statute referred to. These provisions of law seem to answer the requirements of the rule laid down by the United States supreme court in *Merriweather* agt. *Garrett* (102 *U. S. Rep.*, 472). It was there held : First. The private property of individuals within the limits of the territory of the city cannot be subjected to the payment of the debts of the city, except through taxation. Second. The power of taxation is legislative, and cannot be exercised otherwise than under the authority of the legislature. Chief justice WAITE says in that case, that "tax can only be collected under authority from the legislature; that if no authority exists, the remedy is by appeal to the legislature, which alone can grant the relief."

But, as before observed, apparently the power of the legislature has been exercised and has authorized the collection and payment of all town charges, and, inasmuch as the judgments have ripened into town charges, it would seem that the ordinary machinery for their enforcement was ample under the provisions of law already adverted to. But here in the argument of the learned counsel for the plaintiff, in behalf of a taxpayer of the town of Orleans, it is insisted, first, that a town is not a corporation ; secondly, that although the town may be concluded by the judgments obtained against it, that the judgments are conclusive upon the taxpayer, and that he may litigate the validity of the judgments and incidentally his liability to contribute his proportionate share as a taxpayer of the town towards the payment thereof.

The views already expressed render it unnecessary to consider *in extenso* the argument that a town is not a corporation. It may be observed in respect thereto, however :

*First.* That chapter 907 of the Laws of 1869 declares, in section 1, viz. : The words "municipal corporation, when used in this act, are to be construed to mean any city, town or incorporated village in this state."

*Second.* In chapter 11, title 1, part 1, article 1 of the

Revised Statutes (*vol.* 1, *page* 337) it is enacted, viz. : Section 1. " Each town, as a *body corporate*, has capacity." Subdivision. " To sue and be sued in the manner prescribed by the laws of the state." * * * Section 2. " No town shall possess or exercise any corporate powers except such as are enumerated in this chapter, or shall be specially given by law or shall be necessary to the exercise of the powers so enumerated or given." Section 3. "All acts or proceedings by or against a town in its *corporate capacity*, shall be in the name of such town."

*Third.* The right of a taxpayer to interfere with the ordinary machinery for levying and collecting taxes, in the absence of fraud and in the absence of legislation specially authorizing it, has been doubted in numerous cases and denied (*Cummins* agt. *Supervisors of Jefferson County*, 63 *Barb.*, 294, *affirmed in the court of appeals, February* 1, 1876).

But the learned counsel for the plaintiff plants the right to maintain this action upon chapter 531 of the Laws of 1881, known as an act for the protection of taxpayers, and that chapter must be considered in determining the right of the plaintiff to enjoin the board of supervisors. Does the act authorize the taxpayers of the town of Orleans to stay the action of the ordinary machinery provided for the collection of judgment which, as has been seen, are declared by statute to be town charges ? That act of 1881 introduces several new provisions, and confers some new remedies for the protection of taxpayers. It provides that " all officers, agents, commissioners and other persons acting for and in behalf of any county, town, village or municipal corporation of this state may be prosecuted, and an action or actions may be maintained against them to prevent any illegal official act on the part of such officers, agents or other persons, or to prevent waste or injury to any property, funds or estate of such county, town, village or municipal corporation, by any person whose assessments, &c., * * * shall amount to $1,000, and who shall be liable to pay taxes on such assessments in the town, county,

village or municipal corporation to prevent waste or injury to whose property the action is brought, or who has been assessed or paid taxes therein upon an assessment or assessments of the above-named amount within one year previous to the commencement of any such action or actions.

If provisions of the law, to which reference has been made, are applicable to judgments recovered against a town, it cannot be said that the board of supervisors by complying with the provisions of the law in respect to levying taxes upon the town of Orleans to pay the judgments referred to are engaged in " any illegal official act." Certainly whatever is authorized by the statutes in respect to the collection of the judgments, to be done by the board of supervisors, can in no sense be denominated an "illegal official act" on the part of the board of supervisors of Jefferson county; and if the provisions of law authorize taxation to pay the judgment which are town charges, then it cannot be said that " waste or injury" of the property of the taxpayer is to take place by the application of the governmental machinery for taxation.

Waste, as ordinarily understood, implies wrongful taking of property without right, without sanction of law, in violation of right or of liens thereon. But these words " waste and injury" seem to find a definition in the further provisions of the act. It is declared, viz. : " In case the waste or injury complained of consists in any board, officer or agent of any county, town, village, municipal corporation, by collusion or otherwise contracting, auditing, allowing or paying or conniving at the contract, audit, allowance or payment of any fraudulent, illegal, unjust or inequitable claims, demands or expenses, or any item or part thereof, against or by such county, town, village or municipal corporation by permitting a judgment or judgments to be recovered against such county, town, village or municipal corporation, or against himself in his official capacity, either by default or without the interposition and proper presentation of any existing legal or equitable defenses, the court may, in its discretion, prohibit the payment or col-

lection of any such claims, demands, expenses or judgments, in whole or in part, or may enforce the restitution thereof if heretofore or hereafter paid or collected by the person or party heretofore or hereafter receiving the same."

Certainly the board of supervisors are not about to engage in any collusion, or in the contracting of a debt, or in the auditing of a debt, or in the allowing or paying or conniving at the contracting, or audit, or allowance or payment of any fraudulent, illegal, unjust or inequitable claims, demands or expenses as against the town of Orleans.

A recovery of judgments in a court of competent jurisdiction after a full and protracted litigation establishes a legal indebtedness, and it is therefore difficult to see how the provisions of the law just quoted can have any application to such a case, such a debt, such a demand. Certainly there has been no collusion between the creditors and the board of supervisors, or between the board of supervisors and any other person, or between the town and the creditor, or between the town and any other person. Nor has there been any recovery by default or without the interposition and proper presentation of any existing legal or equitable defense. The town has had its day in court. It has presented its defense, and by the highest tribunal that defense has been condemned. Certainly there is no power in this court to interfere with the force of the judgment of the United States court.

The statute from which we have quoted seems to contemplate that relief may be afforded, at the instance of taxpayers, by setting aside or opening a judgment, where there has been collusion in suffering a judgment by default, without the presentation of all legal or equitable defenses, and to provide that when such judgment is brought to the attention of the court, at the instance of a taxpayer, "the court may, in its discretion, vacate, set aside and open said judgment." The further provisions of the statute seem to provide, however, in such a case, as where leave is given to defend, the

defense is to be for the defendant in the action wherein the alleged collusive, fraudulent or illegal judgment has been obtained by reason of the omission to "interpose and enforce any existing legal or equitable defense therein." And the statute seems to contemplate that the defense may be interposed in the name and behalf of the defendant "under the direction of such person as the court may in its judgment or order designate and appoint."

Manifestly whenever such a defense is allowed to be interposed it must be in the name and in behalf of the defendant in the action. Of what use would be leave to interpose a legal and equitable defense in the actions that have already ripened into judgments even if the court possessed power to interfere with the judgments of the United States courts? No legal or equitable defense is here suggested in behalf of this taxpayer which has not already apparently been presented, fully considered and deliberately repudiated by the judgments of courts of competent jurisdiction. The determination upon matters now sought to be interposed in behalf of the taxpayer in the name of the defendant, the town of Orleans, we must presume would be the same as now remains in the judgment which has been pronounced.

But a more complete answer to the position taken by the learned counsel for the plaintiff under the statute of 1881 is that the statute does not apply to the case in hand. It was passed to prevent fraudulent recoveries of judgments by default or by collusion, not for the purpose of giving every taxpayer within the limits of the town the right to litigate afresh questions fairly, fully, honestly presented by way of defense, and solemnly adjudicated adversely to the town.

Notwithstanding the act of 1881 the judgments recovered by Platt, the creditor, against the town of Orleans must be held conclusive (there being no fraud or collusion in respect thereof alleged) upon the town of Orleans, and that it is the duty of the board of supervisors of Jefferson county to apply

the provisions of the law hereinbefore referred to relating to the collection of judgments, and to place upon the schedule of the town a sum sufficient to pay and liquidate the judgments so recovered by Platt, the creditor.

These views lead to a dissolution of the injunction so far as it restrains the board of supervisors from taking the proper steps to levy and collect the necessary taxes upon the town of Orleans for the payment of the judgments so held by Platt.

The injunction will, therefore, be modified in accordance with the views herein expressed.

Inasmuch as the question arising here under the provisions of chapter 531 of the Laws of 1881 are new, costs are not awarded to either party.

After proof of the service of a copy of this opinion either party may have an order settled before me upon one day's notice.